## MARY REID v. FRED EHR.

(162 N. W. 903.)

New trial — motion for — excessive damages — ground for — passion and prejudice — judicial discretion — trial court — interference with — abuse of.

1. A motion for a new trial on the ground of excessive damages appearing

to have been given under the influence of passion or prejudice is addressed to the sound judicial discretion of the trial court, and the appellate court will not interfere unless a manifest abuse of such discretion is shown.

**New trial — trial court — discretion — no abuse of shown.**

2. In the instant case it is held that the supreme court cannot say that the trial court manifestly abused its discretion in granting a new trial.

Opinion filed April 28, 1917.

From an order of the District Court of Ward County granting defendant's motion for a new trial, *Leighton,* J., plaintiff appeals.

Affirmed.

*E. R. Sinkler* and *M. O. Eide,* (*I. M. Oseth* on oral argument), for appellant.

Litigants are entitled to the verdict of twelve jurymen on the issues, and where there is evidence to support their finding, the judge is not justified in setting the verdict aside simply because he might have found a different verdict or result, provided especially where the verdict returned is not palpably unjust. Steinert v. Whitcomb, 84 Conn. 262, 79 Atl. 675; Lifshitz v. Schwartz, 107 N. Y. Supp. 579.

The damages must be so excessive as to strike mankind at first blush as being beyond all measure unreasonable and outrageous, and such as manifestly show the jury to have been actuated by passion, partiality, prejudice, or corruption. Coleman v. Southwick, 9 Johns. 45, 6 Am. Dec. 253; Aldrich v. Palmer, 24 Cal. 516; 29 Cyc. 844, and cases cited.

*Bradford & Nash,* for respondent.

Where a motion for a new trial is noticed to be heard at a date prior to the expiration of the statutory period, and by consent of the parties is continued, and is finally argued and submitted after the time for appeal has expired, the final character of the judgment is suspended by such pending proceedings, and the court has jurisdiction to determine the motion, even though the time for appeal has expired. Skaar v. Eppeland, 35 N. D. 116, 159 N. W. 707.

A motion for a new trial upon the ground of excessive damages appearing to have been given under the influence of passion or prejudice is addressed to the judicial discretion of the trial court, and its decision will not be disturbed except where an abuse thereof is clearly shown.

Ibid.   Blachorby v. Ginther, 34 N. D. 248, 158 N. W. 354; 2 R. C. L. §§ 182, 184, and cases cited.

CHRISTIANSON, J.   This is an appeal from an order granting defendant's motion for a new trial.   Plaintiff sued to recover damages for certain personal injuries alleged to have been sustained on account of the negligence of the defendant in allowing a defective electric light to remain in one of the rooms of his hotel.   The evidence shows that the defendant operated the Waverly hotel in Minot in this state and that the plaintiff was injured while attempting to turn on the current in an electric light in a bathroom in such hotel, while she was standing in a bathtub partly filled with water.   The electricians who testified both for the plaintiff and defendant upon the trial of the action stated that a far more violent shock would be obtained under these circumstances than if she had been standing on the floor.

The essence of plaintiff's testimony is contained in the following statement: "I got an electric shock.   I could not get away from it; and when I came to myself I found myself on the floor in the bathroom behind the tub.   It just drew me right up.   After I found myself on the floor, I did not know what had happened.   I got up after a while and was just like a wooden person and could not speak.   I was burned to the bone in different places.   The reason that finger is crooked is that its tendons are burned off.   I suffered much pain on account of the burn. I was not sick before this.   I have not been strong and healthy since then.   My hand bothers me; my back bothers me, and I am nervous. I have been excessively nervous since that time."

Plaintiff also testified that shortly after the injury, Dr. Ringo of Minot was called in.   He examined the hand and said the injuries were not serious, and gave her some iodine.   She claimed that the application of the iodine caused her a great deal of pain, and that she thereafter went to see Dr. Newlove, who was called and testified as a witness in behalf of the plaintiff.   He described her condition as follows: "She had her hand wrapped up, and complained of it being injured, and she had some bruises, I believe, on it, but I have just about forgotten where they were; but her hand that she spoke of, the muscle was damaged on the little finger, and on the thumb, and in getting a history of the case she said she had been burned by electricity, so I examined

it, and that is what I found. She had some bruises on her body, but just where I have forgotten now." He also testified that she was quite excited and nervous; that the little finger and palm were burned deeply in places, about to the bone. That he could not say that he could see the bone in any place, but that it was a deep burn; also that he had noticed at the trial that one of plaintiff's little fingers was crooked. He also testified that the medical services rendered by him were worth about $40 or $50. No other medical testimony was offered for the plaintiff, and Dr. Newlove nowhere testified that any of the injuries were permanent.

The above testimony of the plaintiff and Dr. Newlove summarizes all the evidence offered by the plaintiff upon the extent and effect of the injuries received by her.

Upon the question of whether plaintiff was actually injured, there is really no dispute under the evidence in this case, as she was corroborated thereon by two of the girls who were employed in the hotel at the time, and saw plaintiff shortly after the incident occurred. There was a square conflict in the evidence as to whether the light was in good order, and also as to whether defendant had actual knowledge of any defect therein.

The jury returned a verdict in plaintiff's favor for $2,800. Judgment was entered and notice of entry thereof served on December 14, 1915. The defendant served notice of motion for a new trial, notice to be heard on June 13, 1916. The trial judge being absent from the state, A. G. Burr, judge of the ninth judicial district, on that day, upon the written stipulation of the attorneys of record, entered an order staying proceedings until July 18, 1916, at which time the motion came on to be heard before K. E. Leighton, judge of the eighth judicial district, who granted a new trial upon the ground of excessive damages appearing to have been given under the influence of passion or prejudice. Plaintiff appeals from this order, and assigns two reasons for a reversal; *viz.* (1) That more than six months had elapsed since the service of notice of entry of judgment, and that, as no appeal from the judgment had been taken, the action was no longer pending, and the court was without authority to entertain a motion for a new trial.

(2) That if the court had authority to entertain such motion, it was an abuse of discretion to grant a new trial.

The first point was considered by this court in Skaar v. Eppeland, 35 N. D. 116, 159 N. W. 707. In that case we said: "Where a motion for a new trial is duly noticed to be heard at a date prior to the expiration of time for appeal from the judgment, but continued by consent of the parties and finally submitted and determined after the time for appeal from the judgment has expired, the final character of the judgment is suspended by the pending proceedings, and the court has jurisdiction to determine the motion for a new trial, even though the time for appeal from the judgment has expired."

On oral argument, appellant's counsel conceded that Skaar v. Eppeland, supra, ruled the first point raised, and that he did not care to argue or urge the same any further in this case. Consequently we shall adopt appellant's view and will deem the point abandoned, and devote no more time or space to its consideration.

In a memorandum filed with the order granting a new trial, the trial court said:

"The important question in this case is whether or not the verdict was not excessive, and that the same was not the result of passion and prejudice on the part of the jury. Considering the nature of the injury plaintiff received, as well as the testimony bearing upon the question of permanent injury, I am unable to see how the jury could ever give a verdict for the amount which they did, unless the jury was unduly influenced or their prejudices aroused.

"I do not believe that anyone considering all the circumstances and all the testimony in this case could conscientiously say that plaintiff had been damaged in any such amount as the jury found in this action. Being of that opinion I cannot do otherwise under the law in this state except to grant a new trial."

Under the laws of this state, a verdict may be vacated and a new trial granted, among others, for the following causes: (1) Excessive damages appearing to have been given under the influence of passion or prejudice; (2) insufficiency of the evidence to justify the verdict. Comp. Laws 1913, § 7660.

These grounds are closely analogous. Both of them involve a consideration of the sufficiency of the evidence. In determining a motion

upon either ground the court must weigh the evidence. Hayne, New Tr. & App. § 95. This necessarily involves an exercise by the trial judge of the superior knowledge possessed by him as to matters incident to the trial itself. A motion for a new trial on either ground therefore is addressed to the sound judicial discretion of the trial court, and its ruling will be disturbed only when an abuse of discretion is clearly shown. 4 C. J. 833–835; Skaar v. Eppeland, 35 N. D. 116, 159 N. W. 707, 2 R. C. L. (Appeal & Error) § 182. And an appellate court is especially reluctant to interfere with such ruling when a new trial has been granted, as this merely affords both parties another opportunity to present their respective claims to another jury.

There is no serious question as to the rules of law which should guide a trial court in determining, or an appellate court in reviewing rulings on, motions for a new trial on the ground of excessive damages appearing to have been given under the influence of passion or prejudice. The difficulty, if any, generally arises in determining whether the particular facts in a case bring it within such rules.

In actions in which there is no definite or legal measure of damages, as is especially true in most actions sounding in tort, the quantum of damages is deemed a matter of discretion for the jury to such an extent that the verdict will not be set aside on this ground alone, unless the amount awarded is so excessive as to appear to have been given under the influence of passion or prejudice. The discretion of the jury in fixing damages in such cases is not absolute, however, and "in whatever form the rule is stated, it always involves a reasonable discretionary power in the court to set aside a verdict when its amount, in view of all the circumstances, is so great as to show that the jury, in arriving at it, must have been influenced by some improper motive." 4 Sedgw. Damages, 9th ed. § 1326.

In this state the statute confers express authority upon the district court to grant a new trial for "excessive damages appearing to have been given under the influence of passion or prejudice," on the application of the party aggrieved. Comp. Laws 1913, § 7660. Or even without such application, upon the court's own motion, "when there has been such plain disregard by the jury of the instructions of the court or the evidence in the case as to satisfy the court that the verdict was rendered under a misapprehension of such instructions or under the influence of

passion or prejudice." Comp. Laws 1913, § 7665. These statutory provisions clearly, not only vest in the trial court the power to set aside a verdict returned under the influence of passion or prejudice, but imply a duty on the part of the court sometimes to set aside such verdicts.

It should be remembered that it is the trial, and not the appellate, court which is vested with discretionary powers in determining the motion for a new trial. The appellate court is limited to a consideration of whether the trial court clearly abused its discretion in ordering a new trial. The question presented to the appellate court is not whether a new trial should be granted or denied, but whether the trial court abused its judicial discretion in ordering a new trial. "A test of what is within the discretion of a court has been suggested by the question, May the court properly decide the point either way ? .If not, then there is no discretion to exercise. If there is no latitude for the exercise of the power, it cannot be said that the power is discretionary. The only limitation upon the exercise of discretionary power is that it must not be abused." 2 Hayne, New Tr. & App. § 289, p. 1650.

"While it may be difficult to define exactly what is meant by abuse of judicial discretion, and whatever it may imply as to the disposition and motives of the judge, it is fairly deducible from the cases that one of its essential attributes is that it must plainly appear to effect injustice." Clavey v. Lord, 87 Cal. 413, 25 Pac. 493; Aylmer v. Adams, 30 N. D. 514, 153 N. W. 419; State v. Cray, 31 N. D. 67, 153 N. W. 425; McGregor v. Great Northern R. Co. 31 N. D. 471, 154 N. W. 261.

In reviewing the action of the trial court in granting a new trial on the ground of "excessive damages appearing to have been given under the influence of passion or prejudice," the appellate court is not justified in reversing the order merely because it differs with the trial court as to what would have been just compensation, unless the difference of opinion is such as to justify the conclusion that the court abused its discretion. Hayne, New Tr. & App. § 95; Lee v. Southern P. R. Co. 101 Cal. 118, 35 Pac. 572.

In determining the questions presented on this appeal we must not overlook the position of advantage occupied by the trial judge, who saw

and heard the witnesses, and saw the plaintiff and heard her story, and personally observed the effects of her alleged injuries.

"It is to be remembered," said the Minnesota supreme court in Pratt v. Pioneer Press Co. 32 Minn. 218, 223, 20 N. W. 87, "that in determining upon an application for a new trial on the ground of an excessive verdict, as on other grounds, the trial judge occupies a position of practical advantage over an appellate court, especially when, as in this instance, the plaintiff is one of his own principal witnesses. There is a certain atmosphere of the case and trial, well-known to the profession, which cannot be put upon paper."

It should also be remembered that in this case compensatory damages alone were sought. There was no foundation either in the complaint or in the proof for awarding exemplary damages, and such issue was not submitted to the jury. Nor is there any foundation in the proof for damages on account of impairment of earning capacity or for loss of time. The damages prayed for by the plaintiff were general damages and the special damages for medical attendance, which, according to the evidence of Doctor Newlove, amounted to $40 or $50.

The sole elements of damages upon which the verdict could have been predicated were the pain, suffering, and impairment of health resulting from the accident, as testified to by the plaintiff, the cost of medical attendance and the permanent injury to her little finger. It is a matter worthy of note that Dr. Newlove did not testify that any permanent injury had or would result to plaintiff, except the injury to her little finger. The jury awarded the plaintiff $2,800 to compensate her for the detriment which she had sustained. Obviously, the damages awarded were substantial. It is not for us to say whether they were so excessive as to appear to have been given under passion and prejudice. This was a matter for the trial judge to determine. And possessed as he was of knowledge superior to that possessed by any member of this court, he determined that the damages were so excessive that the jury must have been actuated by passion and prejudice in returning the verdict which it did.

Can we say, after giving due consideration to the superior knowledge possessed by the trial judge of what transpired at the trial and his personal observation of parties, witnesses, attorneys, and jurors, that he was clearly wrong, and the order entered by him manifestly

unjust? Is a verdict for $2,800 for the injuries sustained by the plaintiff so reasonable that this court can say upon the cold paper record before it that the trial judge was clearly and unquestionably in error when he said that the verdict was so large that it appeared to him to have been given under the influence of passion, that is to say, of excited feeling, rather than of calm, sober, deliberate judgment; or of prejudice, that is to say of a state of mind partial to the successful party, or unfair to the other? If so, what verdict might have been returned in this case if plaintiff had lost her finger or her hand before the trial judge would have been permitted to say that excessive damages appeared to have been given under the influence of passion and prejudice? What becomes of the judicial discretion with which a trial judge is vested, if we can say in this case that such discretion has been abused?

In considering a similar question in Kennedy v. St. Paul City R. Co. 59 Minn. 45, 60 N. W. 810, 12 Am. Neg. Cas. 154, the supreme court of Minnesota said: "The jury awarded plaintiff $3,100, made up, as we assume, of $50 damages to his wagon, $50 for his physician's bill, and $3,000 for the injury. Conceding that the evidence establishes the fact that the ankle will be permanently weaker than before, there is no evidence that this does or will diminish plaintiff's earning capacity, or at all interfere with his going about his business, or with his walking in any usual or ordinary way. If $3,000 is to be allowed for such an injury, at what sums shall the loss of a foot, a hand, a leg, or arm be estimated?"

It may be that some or all of the members of this court would have refrained from disturbing the verdict. But that is of no consequence, as we are not passing on whether a new trial should be had, but on whether the trial judge, in ordering a new trial, was clearly and unquestionably in error, and effected an injustice.

It is suggested by plaintiff's counsel that this court ought to reverse the order granting a new trial unless the individual members of this court would be willing to have their wives go through the same experience as plaintiff did for $2,800. We think that this argument is fallacious. In the first place, it assumes that this court is passing upon the question of whether a new trial should be had. As we have already stated, this is not our function. "The question of whether or not a new trial ought to be granted was primarily a question for the

trial court. The function of this court on this appeal is merely to review the ruling of the trial court on this motion, and this review is limited to a determination of the question of whether in denying a new trial the trial court abused its discretion and thereby effected an injustice." State v. Gray, 31 N. D. 67, 81, 153 N. W. 425.

In the second place, this is not a proper method of, or element to be considered in, fixing damages. We do not assume that a person would willingly suffer the loss of limb or the impairment of health for any sum whatever, or that a father or mother would permit one of his or her children to be injured for all the gold in the world. As was said by the Minnesota supreme court in Kennedy v. St. Paul City R. Co. supra: "The proper test is not what counsel for plaintiff suggested on the argument: viz., for what sum would anyone be willing to suffer such an injury? Most people would be unwilling to lose a limb for all the gold in the world. But the law does not assume to compensate injured persons on any such basis. There is a sense in which no amount of money will compensate a man for a serious, permanent, personal injury. But all the law attempts to do is to compensate him so far as money will do it; and for manifest practical considerations, there must be some reasonable limits to the amount of this compensation."

Under all the circumstances we do not feel justified in saying that the trial court abused its discretion in ordering a new trial. The order appealed from must therefore be affirmed. It is so ordered.

GRACE, J. I dissent.

ROBINSON, J. (dissenting). This is an action for a grave personal injury, sustained by the plaintiff through the fault and neglect of the defendant. Under the Constitution the plaintiff was entitled to a remedy by due process of law, without sale, denial, or delay.

In March, 1915, this action was commenced to recover $5,000 damages. December 14th, 1915, the plaintiff recovered a verdict and judgment for $2,800, and on the same day there was served due notice of the entry of judgment. On June 14th, 1916, the time for an appeal expired. On July 20th, 1915, an order was made granting a new trial because, as the judge said, he did not see how the jury could have given a verdict for that amount, unless they were influenced by

prejudice. The plaintiff appeals from the order because it was made after the lapse of six months from the notice of the entry of the judgment and when it had become final, and because the jury had fairly determined the damages. If the motion for a new trial had been made on the minutes of the court within eight or ten days after the entry of the judgment and while the case and the evidence were fresh in the mind of the trial judge, his opinion on damage would be entitled to more weight, and it would be less subject to the suspicion of undue influence; but after waiting seven months to present the motion on a transcript of the evidence it is different. Then the trial judge has no advantage over any other judge who reads the testimony, and there is no reason for giving any especial weight to his opinion. When the reason of the rule ceases, so does the rule itself. The case was simple; the testimony was brief. The plaintiff was a guest at a hotel in Minot kept by the defendant. In a room which was dark the plaintiff attempted to take a bath, and in turning on the electric light, which was directly over the bathtub, she received a severe shock. She was knocked senseless; one finger and hand burned to the bone, and she was permanently injured when she tried to turn on the light. As she testifies: "I got an electric shock. I could not get away from it; and when I came to myself I found myself on the floor in the bathroom behind the tub. It just drew me right up. After I found myself on the floor, I did not know what had happened. I got up after a while and was just like a wooden person, and could not speak. I was burned to the bone in different places. The reason that finger is crooked is that its tendons are burned off. I suffered much pain on account of the burn. I was not sick before this. I have not been strong and healthy since then. My hand bothers me; my back bothers me, and I am nervous. I have been excessively nervous since that time." The testimony is well corroborated by the nurse and the doctors, and it is not disputed. It is also shown the defendant had notice that the light was out of order, and hence it was a case where a jury might give exemplary damages. A hotel keeper may not wilfully expose his guests to a great personal injury. No person of sense would submit to such an ordeal for $2,800, and take his pay at the end of a long and vexatious lawsuit, with the expense amounting to probably half the damages. It is only when the verdict is so excessive as to shock the conscience that a judge may

interfere with the verdict of a jury, and then the injured party should be given an opportunity to remit the sum clearly excessive. A judge should take notice of the fact that an injured party may not have means to carry on a lawsuit indefinitely, and that justice delayed is justice denied.

Under the statute a new trial may be granted for excessive damages appearing to have been given under the influence of passion or prejudice, but in the moving papers no attempt was made to show either passion or prejudice. The real ground of the motion for a new trial was contributory negligence and the nonliability of the hotel keeper for injury resulting from defects in the electric fixtures, and on that ground the motion was denied.

A judge is only one man, and on a question of fact he has no right to overrule the honest deliberation and conclusion of twelve men, just because it does not accord with his own views. Under the record no weight should be given to the order granting a new trial because of excessive damages.

Then it was objected that after the time limited for taking an appeal, the action was no longer pending and the judgment became final and it was not subject to attack, either by appeal or by motion. However, it is urged that this point cannot be raised because counsel for plaintiff did, in effect, stipulate to a hearing of the motion after the lapse of time for appeal; but it is not within the power of an attorney to stipulate so as to extend the time limited for an appeal from a judgment, and such stipulation must be made either in bad faith or by inadvertence, and in either case, it should be held void. The statute fairly contemplates that after the time for an appeal from a judgment, it shall be no longer subject to attack, either by an appeal or by motion.

An action is deemed pending from the time of its commencement until the time for an appeal has passed, and then it is no longer pending. As an attorney may not directly stipulate to extend the time for appealing, he cannot do it indirectly by any waiver or stipulation to vacate a judgment or to hear a motion for a new trial after the lapse of the time for appeal. The order for a new trial should be reversed. The majority of the judges err in throwing all the responsibility onto the trial judge, especially after such long delays, when a new trial may operate as a complete denial of justice. The judges of the court are

elected to use their own judgment, and in this case they were fully as competent as the trial judge to decide the motion on its merits.