SELMA A. JOHNSON, Appellant, v. JOHN MULLEN, H. C. Hanson, and Emil Everson, as Supervisors of Hendrickson Township, and Hendrickson Township, a Municipal Corporation, Respondents.

(167 N. W. 326.)

Township board — laying out highway — dividing farm into two tracts — damages — action for — award of damages — reasonable — absence of passion or prejudice — reduction or new trial — order for — error.

In district court the jury awarded plaintiff $450 damages for a highway dividing his farm into two tracts of 11 and 61 acres. *Held*, that the verdict is well sustained by reason and evidence. It is not affected by passion or prejudice, and the court was wrong in ordering a new trial unless the plaintiff should accept $200 as the damages.

Opinion filed March 22, 1918.

Appeal from the District Court of McHenry County, Honorable *A. G. Burr,* Judge.

Plaintiff appeals.

Reversed.

*Theo. Kaldor,* for appellant.

The charge of the court to the jury, standing unchallenged, becomes the law of the case, so far as the parties are concerned. Kramer v. N. W. Elev. Co. 106 N. W. 86; 8 Enc. Pl. & Pr. 253.

Misconduct of an attorney must be objected to at the time it occurs and the attention of the trial court called to it, and the objections must appear of record or the supreme court cannot review them. Lindsay

v. Pettigrew (S. D.) 2 N. W. 874; Pierce v. Manning (S. D.) 51 N. W. 332; Burdick v. Haggart (Dak.) 22 N. W. 589.

A witness upon the question of value of lands must show knowledge of such subject, before being permitted to testify. His competency must be established. Schuler v. Board of Supervisors (S. D.) 81 N. W. 890; Idaho, W. R. P. Co. v. Columbia Conference, 38 L.R.A. (N.S.) 497; Washburn v. Milwaukee R. R. Co. (Wis.) 18 N. W. 328; 5 Enc. Ev. p. 206.

A trial court has no power to reduce a verdict, except in cases where from the pleadings and evidence the court is able to calculate and to determine the excess. The rule has no reference to cases where the damages claimed are uncertain, and where the jury are the sole judges of the amount to award. Murray v. Leonard, 11 S. D. 22, 75 N. W. 272; Southern P. Co. v. Fitchett (Ariz.) 80 Pac. 359; Tifton v. Chastain (Ga.) 50 S. E. 105; Louisville R. Co. v. Earl (Ky.) 22 S. W. 607; Umfried v. Baltimore R. Co. (W. Va.) 12 N. E. 512; Brown v. McLeish (Iowa) 32 N. W. 385.

The discretion vested in the trial court to grant or refuse a new trial is neither an arbitrary nor a general discretion. It is a discretion that should be exercised with great care. Braitwaite v. Aiken, 2 N. D. 57, 49 N. W. 421; Hicks v. Stone, 13 Minn. 434.

The privacy of the home, the unusual noises and dangers caused by the running of automobiles, the inconvenience in crossing the road dividing plaintiff's farm in two parts, the expense of constructing fences, cattle ways, and all such matters, are proper for consideration by the jury in awarding damages. Chicago & A. R. Co. v. Stanley, 221 Ill. 405; Chicago & I. R. P. Co. v. Hopkins, 90 Ill. 316; Somerville R. Co. v. Doughty, 22 N. Y. L. 495; Littlerock R. Co. v. Allen, 41 Ark. 431; Whitewalk R. Co. v. McClure, 29 Ind. 526; Pittsburg R. Co. v. McClusky, 110 Pa. 436; Fayetteville R. Co. v. Comes, 41 Ark. 324; Weyer v. Chicago, W. & N. R. Co. (Wis.) 31 N. W. 710; Walker v. Coloney & N. R. Co. 103 Mass. 10; Blue Earth County v. St. Paul R. Co. 28 Minn. 503, 11 N. W. 73.

*Bagley & Thorpe,* for respondents.

It is the settled law in this state that a motion for a new trial upon the ground of excessive damages appearing to have been given under the influence of passion and prejudice is addressed to the sound discre-

tion of the trial court, and that its decision will not be disturbed except in case of clear abuse, apparent from the record. Reid v. Ehr, 36 N. D. 552, 162 N. W. 903; Wagoner v. Bodal (N. D.) 164 N. W. 147; Skarr v. Eppeland, 35 N. D. 116, 159 N. W. 707; Blackorby v. Ginther, 34 N. D. 248, 158 N. W. 354; 2 R. C. L. § 182.

Courts discriminate in favor of orders granting new trials because the same are not final, but are such as open the way for reinvestigation and possibly a better ascertainment of the facts. Pengilly v. J. I. Case Threshing Mach. Co. 11 N. D. 249, 91 N. W. 63; Patch v. N. P. R. Co. 5 N. D. 55, 63 N. W. 207; Gull River Lumber Co. v. Osborn Mc-Millan Elev. Co. 6 N. D. 276, 69 N. W. 691; Galvin v. Tibbs, 17 N. D. 600, 119 N. W. 39; Ross v. Robertson, 12 N. D. 27, 94 N. W. 765; Dinnie v. Johnson, 8 N. D. 153, 77 N. W. 612; Aylmer v. Adams, 30 N. D. 514, 153 N. W. 419; 2 R. C. L. § 184; 4 C. J. 830.

ROBINSON, J. The plaintiff owns and occupies as her home 72 acres of land south of and adjoining the village of Simcoe. The land is mainly the S. $\frac{1}{2}$ of the S. E. quarter, section 18–154–79. The township supervisors caused to be laid out a highway 4 rods wide and 842 feet long, cutting off 11 acres of the east side of the land. They assessed plaintiff's damages at $100. The jury assessed the damages at $450, and the court made an order granting a new trial unless the plaintiff accepted $200, and she appeals to this court.

The motion for a new trial was made on these grounds: (1) That the damages are excessive and were given under the influence of passion and prejudice; (2) that the evidence is insufficient to justify the verdict. There is nothing in the case—the nature of the case—or the evidence, to warrant an inference that the verdict was in any way affected by passion or prejudice. The fair inference is that the verdict represents the calm, deliberate judgment of the jury, and as the record shows it is well sustained by the evidence. There is positive testimony of more than one witness that by reason of the highway the value of the entire tract is depreciated to the amount of $10 per acre, that the 11 acres east of the highway is made practically worthless, and the rest of the land is reduced in value.

In the memorandum decision the trial judge says: "It appears from the evidence that the taking of the strip results in a division of plain-

tiff's farm of 70 acres into two sections of 60 acres and 10 acres respectively. It appears to me there can be no diminution of value per acre in a farm of 70 acres by reason of a severance of 10 acres therefrom,—that is, a farm of 60 acres situated as plaintiff's farm is, is worth as much per acre as a farm of 70 acres." But that is wrong. Any person having experience in farming knows that a large farm is cultivated more advantageously than a small farm. In cultivating a small tract too much time is lost in turning the team and the machinery around and around. Hence, there may be no profit at all in cultivating a tract of 5 or 10 acres when there would be a good profit in cultivating a large tract. For ordinary cultivation an acre of land is obviously worth less even when a quarter section is worth $100 an acre.

The road which divides the plaintiff's farm must forever be a source of inconvenience and expense to anyone using the farm, and it must reduce the sale price at least $500. The verdict is not excessive, and it is well sustained by evidence and by reason.

Order reversed and judgment affirmed.

Grace, J. I concur in the result.

Birdzell, J. (specially concurring). In granting the new trial the trial judge indicated that the verdict was, in his judgment, excessive, and he based this conclusion upon the proposition that a farm of 60 acres, situated as the farm in question was situated, is worth as much per acre as a farm of 70 acres. This is not a question of law, but one of fact, and the proposition is clearly one concerning which reasonable men might well differ. It is therefore a question concerning which a jury may ordinarily be trusted to form a rational conclusion. There are no circumstances going to indicate that the jury was swayed by passion or prejudice, other than that they have found a verdict for $450 where the judgment of the trial court was that the verdict should not have exceeded $200. There was ample evidence to support the verdict of the jury, and, except upon the hypothesis of the trial judge, it cannot be fairly said that the evidence was insufficient to sustain the verdict. Since this hypothesis cannot be accepted as absolute, it seems to me that the granting of a new trial was an abuse of discretion. In so far as the granting of the motion is based upon the insufficiency of the evidence, it was

apparently tested according to an absolute standard that does not amount to a rule of law. The statute authorizing the granting of new trials is not designed for the purpose of enabling a trial judge to substitute his judgment as to what the verdict should be for that of the jury.

It is true that, as a general proposition, an appellate court is reluctant to disturb an order granting a new trial; but where, as in the case at bar, the entire difference between the damages allowed by the jury and damages which the trial court thought the evidence fairly warranted will surely be consumed in repeated litigation, the ends of justice require closer scrutiny of the order.

Being of the opinion that the evidence so clearly substantiates the verdict that it cannot be said to be insufficient for that purpose, I concur in the reversal of the order granting a new trial.

CHRISTIANSON, J. (dissenting). I am unable to concur in the conclusions reached by my associates. I believe that the order appealed from should be affirmed.

The plaintiff owns a farm containing about 72 acres. This farm adjoins the town of Simcoe in McHenry county. Simcoe lies on the north side of the railway and the portion of plaintiff's premises involved in this controversy lies on the south side of the railway. The highway in question abuts upon, and will in reality be a continuation of, the main street in Simcoe. Only about $1\frac{1}{4}$ acres of land is actually taken for the highway. The highway cuts off a piece of land containing 11.02 acres. The piece cut off abuts upon the highway on the west and the railway on the north. It is not a narrow strip, but, so far as is possible in view of the northwesterly course of the railway, the tract of land so segregated is almost square.

The plaintiff obtained a verdict for $450. Defendant moved in the alternative for judgment notwithstanding the verdict, or for a new trial. The court made a conditional order granting a new trial, unless the plaintiff should consent to a reduction of the verdict to $200. The plaintiff refused to make the reduction, whereupon the court entered an order granting a new trial, and this appeal is taken from the latter order.

The motion for a new trial was based upon two grounds: (1) Excessive damages, appearing to have been given under the influence of

passion and prejudice: (2) insufficiency of the evidence to justify the verdict. "These grounds are closely analogous. Both of them involve a consideration of the sufficiency of the evidence. In determining a motion upon either ground the court must weigh the evidence. Hayne, New Tr. & App. § 95.. This necessarily involves an exercise by the trial judge of the superior knowledge possessed by him as to matters incident to the trial itself. A motion for a new trial on either ground, therefore, is addressed to the sound, judicial discretion of the trial court, and its ruling will be disturbed only when an abuse of discretion is clearly shown." 4 C. J. 833–835; Skaar v. Eppeland, 35 N. D. 116, 159 N. W. 707; 2 R. C. L. (Appeal and Error) § 182. Reid v. Ehr, 36 N. D. 552, 557, 162 N. W. 905.

In determining a motion for a new trial on either ground the nature of the action must be considered. In certain actions, especially in most actions sounding in tort, the law furnishes no precise or definite rule for the measurement of damages, and, upon the same ultimate facts, reasonable men may differ greatly as to the amount of damages properly assessable. In such cases, the assessment of damages is peculiarly the province of the jury, and "the quantum of damages is deemed a matter of discretion of the jury to such an extent that the verdict will not be set aside on this ground [excessive damages] alone, unless the amount awarded is so excessive as to appear to have been given under the influence of passion or prejudice." Reid v. Ehr, supra. The reason for the rule ceases, however, to a considerable extent in actions where the law prescribes a definite measure of damages. And "in actions for breach of contract, or for injury to or detention of property, where there is a definite measure of damages, new trials will be more readily granted on the ground of excessive recovery." 29 Cyc. 843.

In the instant case the plaintiff was entitled to actual damages only. The jury had no discretion as to the rules to be applied in ascertaining what compensation plaintiff was entitled to receive. They were furnished with a definite and accurate standard by which such compensation must be determined. In assessing damages the jury were required to apply the standard furnished, and they had no right to adopt another. And it has been held that in cases of this kind the verdict may be set aside on the ground of the insufficiency of the evidence, even though it cannot be said to have been the result of passion or prejudice. See

Covert v. Brooklyn, 6 App. Div. 73, 39 N. Y. Supp. 744. See also De Brutz v. Jessup, 54 Cal. 119.

The majority opinion quotes from the memorandum decision made by the district court in granting a new trial. In my opinion the quotation is misleading and does not fairly present the views expressed by the trial court. I therefore deem it desirable to again quote the portion set out in the majority opinion, and in addition thereto the remainder of the memorandum decision relating to and connected with the portion quoted. The trial court said: "It appears from the evidence that the taking of the strip results in a division of plaintiff's farm of 70 acres into two sections of 60 acres and 10 acres, respectively. It appears to me that there cannot be a diminution of value per acre in a farm of 70 acres by the reason of severance of 10 acres therefrom,—that is, a farm of 60 acres, situated as the plaintiff's farm is, is worth as much per acre as a farm of 70 acres. If this be so, the only damage to which the plaintiff is entitled, other than the taking of the strip for road purposes, is the general damage which comes from the fact that there is a road running through the plaintiff's farm, after deducting whatever benefits accrue to her. It is not the province of this court to determine either the value of the strip of land taken, or the general damages. For that matter, also, it is not the province of the court to determine that the severance of a 10-acre plot from a farm of 70 acres would or would not reduce the average value per acre of the remaining piece. It is the province of the court, however, to determine whether a new trial should be granted. . . . From all the evidence in the case, it appears to me that $40 per acre is the best price to which plaintiff is entitled. This would amount to $50 for the strip taken, and if the severance of a 10-acre plot from a farm of 70 acres would not injure the remaining 60 acres so as to reduce the average value per acre, then the jury must have allowed the plaintiff in full for the 10 acres taken off, the same as if the whole of the 10-acre plot had been taken from her. In other words, the plaintiff received as a verdict in this case an amount equal in value to the road strip taken and the plot of ground severed. But she still owns the 10 acres. I cannot see how but what another jury would assess the reasonable damages at not to exceed $150 in excess of the value of the strip taken,—in other words, give the plaintiff a verdict not to exceed $200."

In connection with the memorandum decision it is desirable to consider the evidence offered upon the trial. The evidence related solely to the value of the land taken and the depreciation in value of the remainder by reason of the segregation of the strip taken. There was no evidence of any circumstances tending to show special damages.

The plaintiff did not testify, but her husband did. He testified that before the strip was taken the entire farm had a value of $60 per acre, and that the taking of the strip for highway purposes will reduce the value of the farm $1,200. The plaintiff called four other witnesses. One of these placed the value of the land before the taking of the strip, at $45 per acre, and the other two placed it at $50 per acre. The defendant called six witnesses. These witnesses are shown to be fully as well qualified as, and in some instances better qualified than, plaintiff's witnesses. The testimony of the defendants' witnesses is to the effect that the land is worth from $35 to $45 per acre; that the construction of the highway will not in any material manner decrease the value of the land, but will make the town of Simcoe more accessible, and that the resulting benefit will increase rather than decrease the value of the farm as a whole.

The verdict was against the apparent weight of the evidence. And while it is true that the credibility of the witnesses and the weight of their testimony was for the jury, it is also true that the district judge is vested with wide discretionary power in determining whether the jurors properly performed their functions.

Our statute confers express authority upon a district judge to grant a new trial either for insufficiency of the evidence to justify the verdict, or for excessive damages appearing to have been given under the influence of passion or prejudice, upon the application of the party aggrieved. Comp. Laws 1913, § 7660. Or even without such application, upon the court's own motion "when there has been such plain disregard by the jury of the instructions of the court or the evidence in the case as to satisfy the court that the verdict was rendered under a misapprehension of such instructions or under the influence of passion or prejudice." Comp. Laws 1913, § 7665. These statutory provisions not only vest in the trial court the power to set aside verdicts on the grounds specified, but imply that it is the duty of the court sometimes to set aside such verdicts.

Spelling (1 Spelling, New Tr. & App. Pr. § 237) says: "The mere fact that the jury are the exclusive judges of all questions of fact submitted to them does not justify the judge of the trial court in declining to examine the sufficiency of the evidence upon which the verdict rests, when it is challenged by a motion for a new trial. And whenever it is manifest that the jury have found against the clear weight of the evidence, and that the party asking for a new trial has not in all probability had a fair trial, nor received substantial justice, it is his imperative duty to set the verdict aside and grant a new trial."

It should be remembered that the power to grant new trials is vested in the trial, and not in the appellate, court. And that it is the trial, and not the appellate, court, which is vested with discretionary power in determining the motion for a new trial. The "appellate court is limited to a consideration of whether the trial court clearly abused its discretion in ordering a new trial. The question presented to the appellate court is not whether a new trial should be granted or denied, but whether the trial court abused its judicial discretion in ordering a new trial. 'A test of what is within the discretion of a court has been suggested by the question, May the court properly decide the point either way? If not, then there is no discretion to exercise. If there is no latitude for the exercise of the power, it cannot be said that the power is discretionary. The only limitation upon the exercise of discretionary power is that it must not be abused.' 2 Hayne, New Tr. & App. § 289, p. 1650." Reid v. Ehr, 36 N. D. 552, 558, 162 N. W. 903.

In Edwards v. Carson, 21 Nev. 460, 492, 34 Pac. 381, the court said: "The granting or refusal of a motion for a new trial on the ground of the insufficiency of the evidence to support the findings is addressed to the sound discretion of the judge who presided at the trial of the case in the lower court, and on an appeal from such order where the court below, in the exercise of sound discretion, grants a new trial on conflicting evidence, appellate courts have always refused to disturb the order."

It is suggested that it is an abuse of discretion for a trial judge to grant a motion for a new trial on the sole ground that a question of fact concerning which reasonable men might well differ has been decided contrary to his judgment, as to the way it should have been decided. And

that in a case like the one at bar, "the appellate court is not concerned as to whether the evidence sustains the opinion of the trial court, but it is only concerned as to whether the evidence presents a question of fact upon which reasonable men might well differ."

These alleged rules are manifestly not applicable in the appellate court. Nor for that matter are they proper rules to be applied by the trial court in considering a motion for a new trial. It is only when reasonable men might differ that there is room for the exercise of judgment or discretion. If the evidence upon a question of fact is in such condition that reasonable men could not entertain different opinions then the question ceases to be one of fact and becomes one of law.

"There is a well-established distinction between insufficiency of evidence in point of law and insufficiency in point of fact. The former is usually a question for appellate courts; while the latter is almost exclusively to be dealt with by trial courts." 1 Spelling, New Tr. & App. Pr. § 237.

In cases where the error upon which a new trial is sought resolves itself into one of law (as where the facts are undisputed), the appellate court is not concerned with the rule applicable to a review of judicial discretion, for the obvious reason that there was no room for the exercise of judicial discretion. The trial court occupied no superior position in ruling on the question, and the appellate court is merely called upon to review the correctness of a conclusion of law.

But in cases where the evidence is in conflict, or where different conclusions may reasonably be drawn therefrom, there is room for the exercise of judgment and discretion. In such cases the trial judge must necessarily, to a certain degree at least, weigh the evidence.

In considering this subject the supreme court of California said: "The court [below] was not satisfied with the verdict, but refused to disturb it because there was some conflict in the evidence. This is not the correct rule. In this court where there is a substantial conflict in the evidence we decline to set aside a verdict or finding of facts as being contrary to the weight of evidence, solely because we have had no opportunity to observe the manner of the witnesses, and to decide upon their credibility. But this reason does not apply to the district judge,—and though it is the peculiar province of the jury to decide upon the facts submitted to them, generally, in doubtful cases, the verdict ought not

to be set aside as contrary to the weight of the evidence; nevertheless, if the judge is not satisfied with the verdict and is convinced that it is clearly against the weight of the evidence, it is his duty to set it aside, even though there may have been some conflict in the testimony. He has had the same opportunity as the jury to observe the manner of the witnesses, and to decide upon their credibility, and it is his duty to see that the verdict is not clearly against the weight of the evidence. He must exercise a wholesome and discrete supervision over the jury in this respect. 'The fact that there may have been evidence submitted to the jury on both sides of the points at issue does not exclude the exercise of this beneficial supervision.' " Dickey v. Davis, 39 Cal. 569.

Manifestly the trial judge, who has seen and heard the parties and the witnesses, and is familiar with every incident of the trial, occupies a position of great advantage over the members of an appellate tribunal and the rule is firmly settled that his determination will not be disturbed by an appellate court, unless it is so clearly wrong as to amount to an abuse of discretion. Hence, an appellate court is not justified in reversing an order granting a new trial on the ground of "excessive damages appearing to have been given under the influence of passion or prejudice," merely because it differs with the trial court as to what would have been just compensation, unless the difference of opinion is such as to justify the conclusion that the court abused its discretion. Reid v. Ehr, 36 N. D. 552, 558, 162 N. W. 903; Hayne, New Tr. & App. § 95.

In this case the trial court has said that the verdict is unjust; that it is contrary to the weight of evidence; that the amount awarded is grossly in excess of that which the evidence warranted; and that the jury by the exercise of fair, unbiased judgment could not have returned the verdict which it did. The trial court believed that injustice had been done, and sought to correct it. I do not believe that this court can say that the trial court was clearly wrong in its conclusions and abused its discretion in awarding a new trial. It is true the court had no right to direct a remission of a portion of the verdict in lieu of a new trial. This error, however, was error in favor of the plaintiff, and could not possibly prejudice her. And in any event this error was cured by the subsequent order granting a new trial, and it is from this order the appeal is taken.

In my opinion the order should be affirmed.