**McNEIL, Plaintiff-Appellant, v McNEIL, et al., Defendants-
Appellees**

Ohio Appeals, Second District, Clark County.

No. 458.    Decided March 28th, 1946.

Keifer & Keifer, Springfield, for plaintiff-appellant.

George C. Collins, Springfield, A. C. Link, Springfield, for
Albert A. McNeil, Gladys McNeil and Herman O. Abele, Exr.,
defendants-appellees.

McGrew & Laybourne, Springfield, for Albert A. McNeil,
next friend, etc.

Frank L. Nevius, Springfield, for Mary Edith Donohue.

## OPINION

By MILLER, J.

This is an appeal on questions of law from the Court of Common Pleas of Clark County, Ohio. The action was a will contest case, trial was had and the jury returned a unanimous verdict setting aside the will. Within three days thereafter a motion was filed to set aside the verdict as the same was not sustained by sufficient evidence, was contrary to law and errors of law occurring at the trial and excepted to by the parties. After the lapse of approximately five years and ten months, the motion was sustained and new trial ordered.

The error assigned is that there was an abuse of discretion on the part of the trial court in setting aside the verdict and granting a new trial after the long lapse of time which followed the trial and verdict, to wit, almost six years. The power of the court to review this order is not questioned and we are of the opinion that the appeal is properly presented. See 66 Oh Ap 505.

The question for our consideration is a novel one which has never been considered before, as far as we have been able to learn after a thorough search of the records. It is difficult to define exactly what is meant by "abuse of discretion", and practically impossible to lay down any general rule as to what it consists of, since it depends upon the facts in each particular case. As the term is ordinarily used, it has been said to imply not merely an error in judgment, but perversity of will, passion or moral delinquency. But whatever it may imply, one of its essentials is that it must plainly appear to effect an injustice to one of the parties. 1 C. J. S. 403; Hale v. Hale, (Cal. App. 45 P. (2d)` 246; Reid v Ehr, 36 N. D. 552. Now was there any injustice done to the appellant as claimed in this case? We have no bill of exceptions, so we cannot pass upon the sufficiency of the evidence or errors of law occurring at the trial. The presumption is, and we must so find, that the trial court correctly and properly sustained the motion for a new trial. If the appellees were entitled to a new trial and it was denied by this Court because of the delay by the trial court in passing on the motion, this would result in a most flagrant injustice to the appellees. Sec. 1685 GC, requires that when a case is submitted on a motion for new trial it shall be determined and adjudicated within thirty days after such submission. It has been held that this section is directory and its violation does not deprive the Court of jurisdiction. James v West, 67 Oh St 28. The trial court should

have passed on this motion as directed by §1685, GC, perhaps not within the thirty day period, as there were many unusual circumstances and difficult legal questions presented, but certainly before the expiration of approximately six years. The most outstanding criticism by the public of our judicial system today is the delay in the judicial processes. This has been recognized by the legislative bodies of some of the states by depriving the courts of jurisdiction after a certain period of time. We understand the Ohio Bar has under consideration the recommendation of similar legislation for this State, which is quite worthy of most serious consideration.

We are of the opinion that any injustice done by the delay in this case would have application to all the parties and it cannot be corrected by this Court.

The judgment will, therefore, be affirmed.

HORNBECK, P. J., and WISEMAN, J., concur.