[File No. 7062]

AARON WOLFF, Respondent, v. DAN SCHLENKER, Appellant.

(31 NW2d 793)

Opinion filed March 30, 1948

*Murray & Murray* and *I. A. Mackoff*, for appellant.

*Burnett, Bergesen, Haakenstad & Conmy,* and *Max A. Wishek,* for respondent.

648

NUESSLE, J. This action was brought to recover damages for the alienation by the defendant of the affections of the plaintiff's wife. The jury returned a verdict for $10,000. Thereafter, at the proper time, a foundation having been laid therefor, the defendant moved for judgment notwithstanding the verdict or for a new trial. The court held the verdict to be excessive and made an order reducing it to $7500 and that the motion for a new trial be granted unless the defendant accepted such reduction. The plaintiff notified the court of his acceptance of the reduced verdict whereupon defendant's motion was denied and judgment was ordered and entered for the plaintiff in the amount thereof. The defendant then perfected this appeal from the judgment and from the order denying his motion for judgment notwithstanding or for a new trial.

Plaintiff and his wife, Kathryn, were married in September 1932. Two children, boys, aged at the time of the trial, eleven years and six years, respectively, were born to this marriage. Apparently there was disharmony in the marital relationship for in 1942 plaintiff's wife engaged an attorney to bring action for divorce. Plaintiff besought his wife to drop the action and resume the marriage relation. He admitted that he had called her opprobrious names, begged her forgiveness, and signed a written statement admitting his fault and declaring there would be no repetition. Thereafter the action was dropped. Subsequently, however, in December 1944, plaintiff's wife brought another action for divorce. The case came to trial. A divorce was granted to her in May 1945, and she was given custody of the children. Thereafter, plaintiff brought the instant action alleging that the defendant by his persuasion, promises and blandishments had alienated the affections of the plaintiff's wife and caused her to institute the action for divorce. The defendant denied the matters and

things set out in the plaintiff's complaint and the case came to trial on the issues thus made.

The plaintiff operated an automobile filling station in the town of Wishek. The defendant was also a resident of Wishek. He was a man of considerable property. He dealt in Ford automobiles and operated a garage and filling station. Plaintiff offered testimony tending to show that beginning some time in 1942 or 1943, but subsequent to the time when the plaintiff's wife began her first action for divorce, the defendant was frequently in her company. That on Sunday mornings he would drive from the town into the country in his automobile and that she would either precede him or follow him in her automobile and after leaving the town, their automobiles would be parked close together on the roadside. That on two or three occasions defendant stopped at the plaintiff's house, picked up the latter's wife and drove away with her in his automobile. That on one occasion the defendant with plaintiff's wife drove out some distance into the country. There was also testimony that on various occasions plaintiff's wife came to the defendant's garage and talked to him there and through a period of three months in 1943 frequently called him over the telephone. The defendant denies that there was anything wrong or improper between the plaintiff's wife and himself. He testified that he might have called for her at his wife's request and taken her to his own home to attend a party or some other gathering there just as he had done for other woman acquaintances of his wife. He denied positively that he ever drove away from Wishek alone with Mrs. Wolff or that he had ever driven out alone and thereafter met Mrs. Wolff either along the highway or elsewhere.

There was a friendly relationship between the two families. On several occasions defendant and his wife drove to Fargo and Minot and the plaintiff and his wife accompanied them. This was admitted by the plaintiff. Plaintiff further offered some testimony tending to show defendant at one time in 1943 or 1944 bought an automobile from one Dircks of St. Cloud, Minnesota and that defendant introduced plaintiff's wife, who

was with him, to Dircks. Defendant says he did buy an automobile from Dircks but that his wife was with him then and he introduced her to Dircks. He denies the plaintiff's wife was ever introduced to anyone as his wife. Defendant's wife, called as a witness, testified that she had gone with defendant to St. Cloud and to other places where the defendant went to buy automobiles and was introduced by him to various people with whom he dealt.

After procuring her divorce plaintiff's wife at once left Wishek and procured employment in Fargo and Moorhead. There is nothing in the record to show that thereafter she and the defendant were ever together or ever communicated with each other. She was a witness in behalf of the defendant. Her testimony was taken by deposition. She denied that there was ever any impropriety or irregularity as between the defendant and herself. She further testified that there was never any promise of any sort made to her or any inducement offered to her by the defendant for her to bring the divorce action. She also testified that she brought the action for divorce because of the plaintiff's ill-treatment of her. She said she had never had any love or affection for him. That she married him only because of the fact that she and he had had pre-marital sexual relations whereby she had become pregnant, and that to avoid possible disgrace, she married him. That some two months after her marriage she met with an injury while playing kitten ball and as a result had a miscarriage. The plaintiff admits that there were pre-marital sexual relations between them but denies that she was pregnant at the time of the marriage or that pregnancy was the reason for the marriage. He says their domestic relations were pleasant and agreeable in all respects and that they lived happily together up to the time she instituted her first action for divorce. Plaintiff's wife further testified that the plaintiff was a sexual pervert. That he resorted to practices that were odious and unnatural and which disgusted and nauseated her and caused her to hate him. Plaintiff, in turn, vehemently denies that this was so.

The defendant predicates his appeal as he did his motion for judgment notwithstanding the verdict or for a new trial on the following grounds; Insufficiency of the evidence to sustain the verdict; Error in rulings of law during the trial; Error in instructions to the jury; And that the verdict is so excessive as to appear to have been given under the influence of passion or prejudice. The court ruled against the defendant on the first three grounds set forth but held that the verdict was excessive and pursuant to the statute, § 28–1902, ordered that the amount thereof be reduced to $7500 and that if the plaintiff were willing to remit the excess to the extent ordered, the motion for judgment notwithstanding the verdict or for a new trial should be denied and judgment entered against the defendant for the amount of the reduced verdict.

The statute, § 28–1902, defines the causes for which a new trial may be granted. Subsection 5, thereof, provides that a new trial may be granted for,

"Excessive damages appearing to have been given under the influence of passion or prejudice, but when a new trial is asked for on this ground and it appears that the passion and prejudice affected only the amount of damages allowed and did not influence the findings of the jury on other issues in the case, the trial court, on hearing the motion, and the supreme court, on appeal, shall have power to order a reduction of the verdict in lieu of a new trial, or to order that a new trial be had unless the party in whose favor the verdict was given remits the excess of damages."

In the instant case though the trial court held the verdict to be excessive he made no affirmative finding that the passion or prejudice affected only the amount of the damages allowed and did not influence the finding of the jury on the other issues in the case. We are of the opinion that the finding of the court that the verdict was excessive was correct. The question then is as to whether it can be said that the evidence is such as will sustain an affirmative finding that passion and prejudice did not influence the finding of the jury on the other issues. We have had occasion heretofore to consider the statute,

Subsection 5 of § 28-1902, supra, and to pass upon its application and effect. In Halverson v. Zimmerman, 56 ND 607, 218 NW 862, we said,

"While it is true that under the laws of this state the trial court, and the Supreme Court on appeal, have power to order a reduction of the verdict in lieu of a new trial, where it appears 'that the passion and prejudice affected only the amount of damages allowed and did not influence the finding of the jury on other issues in the case,' it is equally true that the question whether the error of a jury in allowing excessive damages, under the influence of passion or prejudice, may be corrected by a reduction of the verdict, or whether a new trial must be had, like every other question involved where a new trial is sought upon a discretionary ground, is one primarily for the determination of the trial court, and its rulings will be disturbed only when an abuse of discretion is clearly shown. Reid v. Ehr, 36 ND 552, 162 NW 903; Wagoner v. Bodal, 37 ND 594, 164 NW 147. The discretion vested in the trial court should be, and presumptively has been, exercised in the interest of justice. State v. Cray, 31 ND 67, 153 NW 425.

"The provision authorizing a reduction of the verdict in lieu of a new trial in cases where excessive damages appear to have been given under the influence of passion or prejudice was adopted by the legislative assembly in 1923. Laws 1923, chap. 334. Before the amendment, the courts had no authority to order a reduction of a verdict; if a verdict was tainted by passion or prejudice a new trial must be had in all cases. Carpenter v. Dickey, 26 ND 176, 143 NW 964; Waterman v. Minneapolis, St. P. & S. Ste. M. R. Co. 26 ND 540, 145 NW 19; Wagoner v. Bodal, 37 ND 594, 164 NW 147. The amendment, granting power to order a reduction of the verdict in lieu of a new trial, did not restrict, but rather enlarged, the discretion of the trial court and made its discretion in that respect subject to the same rules, including the right of review in the Supreme Court, as its discretion on other questions involved in the determination of a motion for a new trial based upon a discretionary ground. In other words, whether excessive dam-

ages have been awarded under the influence of passion and prejudice and, if so, whether the ends of justice may be subserved by ordering a reduction of the verdict or whether a new trial must be had are primarily questions for the trial court; the function of this court on appeal is merely to review the ruling of the trial court on such motion and such a review is limited to a determination of whether the trial court abused its discretion in making the determination which it did and thereby effected an injustice. State v. Cray, 31 ND 67, 153 NW 425; Reid v. Ehr, 36 ND 552, 162 NW 903; and Wagoner v. Bodal, 37 ND 594, 164 NW 147, all supra."

Pursuant to what is said in the case of Halverson v. Zimmerman, 56 ND 607, 218 NW 862, supra, and the authorities cited therein, under the statute, Subsection 5 of § 7660, GL 1913, whether a verdict was excessive because influenced by passion and prejudice on the part of the jury, was a matter for determination within the discretion of the trial court. If it was found to be excessive then the trial court was required to order a new trial. He had no further discretion in the matter. By Chapter 334, SL 1923, this statute was amended to its present form. See § 28-1902, Rev Code 1943. Thereby the trial court was given an added discretion. That is, he was authorized to go a step further and if he found affirmatively that the passion and prejudice which had affected the amount of the verdict did not influence the finding of the jury on any of the other issues of the case, then he might order a reduction of the verdict with the condition attached that if the party in whose favor it was returned did not acquiesce in such reduction, a new trial should be had.

In the instant case the verdict was for $10,000. The trial court held on motion for judgment notwithstanding the verdict or for a new trial that this verdict was excessive. He ordered a reduction in the alternative. But he did not find that passion and prejudice on the part of the jury did not affect the other issues in the case. We are agreed, considering all the circumstances in the case, that there was no abuse of discretion on the part of the court in finding the verdict excessive because of

passion and prejudice. On the other hand we are of the opinion that it does not appear that this passion and prejudice did not affect the other issues in the case. To draw the line and find that, while passion and prejudice affected the amount of the damages awarded it did not affect any of the other issues in a case such as this, is exceedingly difficult.

The acts and incidents, evidence of which was offered by the plaintiff, and on which he relies to establish his case, are either denied or explained by the defendant. And even if they be considered as proven, though they were ill-advised and might well have given rise to suspicion and jealousy on the part of the plaintiff and to gossip among those who observed them and accordingly were subject to censure and condemnation, nevertheless, with the exception of the Dircks incident they are no more than circumstances tending to prove his case. And the Dircks incident was strenuously denied by the defendant whose denial was supported by the evidence of his wife. Furthermore, all of these acts and incidents occurred subsequent to the time when plaintiff's wife instituted the first divorce proceeding. Plaintiff's wife obtained her divorce in May 1945. She left Wishek immediately thereafter. She has maintained herself since working as a waitress and at other similar occupations. Plaintiff alleged in his complaint, among other things, that the defendant had promised and assured plaintiff's wife that if she obtained a divorce he would likewise secure a divorce and marry her, and at various and sundry times he made such promises of marriage to her; that as his wife she would live a life of ease and pleasure in the use and enjoyment with him of his wealth and property. But there is not a word in the record sustaining these allegations. The instant action was begun in August 1945 and was not tried until October 22, 1946. And there is no word in the record to show that defendant has ever been in company of or communicated with her since she left Wishek. As hereinbefore stated, plaintiff's wife testified in behalf of the defendant. If any credence is to be given to her testimony there was more than ample cause for her to lose any affection she ever might have

had for the plaintiff and to bring an action for divorce. It is true the trial judge breathed the atmosphere of the trial and saw the witnesses who testified before him so to that extent he is in a better position to pass upon the quality of their testimony than is this court. But in so far as the testimony given by deposition is concerned he is in no better position than is this court to pass upon it. Neither, for that matter, is the jury.

Plaintiff argues that if there was anything in the case to arouse prejudice it was the testimony of the plaintiff's wife—but not in favor of the plaintiff. Surely it would seem difficult to distinguish between prejudice in favor of the plaintiff and prejudice against the defendant. In support of his contention that there was no prejudice that influenced the jury in so far as the issues other than that of damages were concerned, plaintiff refers to and quotes a portion of the memorandum opinion of the trial court, in part as follows:

"The cold record does not fully reflect the trial, especially because of the very nature of the action. . . . Take the testimony of the defendant. Before the jury he made a most unfavorable impression. Not so much because of the actual statements he made, as the atmosphere he created. It was evident the jury thought he was falsifying. He seemed to desire to produce the impression that the whole affair was a hoax which could be brushed off without much consideration.

"Although the testimony of the plaintiff's wife was submitted by deposition and must be judged from the record only, it is quite evident that it shows vindictiveness and animosity toward the plaintiff. The wife was willing to go to any extent, even to dragging herself in the mire, for the purpose of holding the plaintiff up to ridicule and shame. . . . It was evident at the trial that the jury believed that this witness was falsifying also."

. It would seem that instead of sustaining the plaintiff's contention this statement of the trial court in itself evidences prejudice on the part of the jury as against the defendant that affected not only the amount of the damages awarded, but the other issues in the case as well.

The judgment and order are reversed and a new trial ordered.

CHRISTIANSON, Ch. J., and BURKE, J., and GRONNA, District Judge, concur.

BURR and MORRIS, JJ., not participating.