**PIPER et, Plaintiffs-Appellants, v. CHANEY et, Defendants-Appellees.**

Ohio Appeals, Second District, Miami County.

No. 486. Decided December 10, 1953.

Kusworm and Kusworm, Dayton, and Ellis W. Kerr, Troy, for Walter G. Piper and John R. Piper, plaintiffs-appellants.

S. R Turner (now of the firm of Lilley, Turner & Gaier), and Berry, McCulloch, Felger & Fite, Piqua, for defendants-appellees.

## OPINION

By THE COURT:

This is an appeal on questions of law from an order of the Common Pleas Court sustaining defendant's motion for a new trial and setting aside the verdict of a jury as being against the weight of the evidence. The error assigned is that the court abused its discretion in setting aside the verdict.

Two grounds for setting aside the will were assigned, mental incompetency of the testator and undue influence practiced upon him to induce the execution of his will.

Learned counsel concede that the judge who heard the motion for a new trial was authorized to pass upon it, and recognize that the test that must be applied to his action is whether he abused his discretion in granting the motion.

We have read this record in its entirety, and the opinion of the trial judge in sustaining the motion. He was not the judge who tried the case. This, of course, denied him certain advantages which were accorded to the trial judge; the atmosphere of the trial, the appearance and demeanor of the witnesses. This is urged in support of the error assigned.

Some contention is also made that although there were two issues before the jury, namely, mental incompetency and undue influence, the trial judge in his original written opinion devoted his consideration solely to the question of the incompetency of the testator. He gave no consideration to the other issue, which may have been determinative with the jury. However, defendants specifically directed attention to this omission, whereupon the court passed upon the issue of mental incompetency.

Abuse of discretion has been variously defined, but one of the late expressions of our Supreme Court which is controlling is found in **Steiner v. Custer, 137 Oh St 448, 31 N. E. 2d 855**, second syllabus:

"The meaning of the term 'abuse of discretion' in relation to the granting of a motion for a new trial connotes more than an error of law or a judgment; it implies an unreasonable, arbitrary, or unconsionable attitude on the part of the Court."

We have many times discussed the meaning and application of "discretion of a trial judge". **State v. Wright, 59 Oh Ap 191; Mutual Home and Savings Association v. Merion, Supt., 67 Oh Ap 440, 449, 34 Abs 281, 286; Davies v. Columbia Gas and Electric Corp., 51 Abs 372; State v. Tancer, 62 Abs 367.** Quite recently Judge Miller of this Court, in **McNeill v. McNeill et, 46 Abs 244. 68 N. E. 2d 338** defined "abuse of discretion" in somewhat different language but substantially the same in meaning as carried into the quoted syllabus of Steiner v. Custer, supra. The Supreme Court has followed Steiner v. Custer in **Klever v. Reid Bros. Express, Inc., et, 154 Oh St 491, 495; State ex Shafer v. Ohio Turnpike Commission, et, 159 Oh St 591.**

For a case where the reviewing court was considering the action of a trial judge in sustaining a motion for a new trial on the weight of the evidence on the rule applicable see **Boelter v. Mown, 89 Oh Ap 292.**

Even though we should determine that the judge erred in weighing the convincing effect of facts developed in this case, it would not justify a legal finding by this Court of an abuse of discretion. A critical examination of the attitude of the court, in the light of the record, will not support the conclusion that he approached the question for his determination in an unreasonable, arbitrary or unconsionable attitude. It is manifest that he had

264

full and correct conception of the law controlling his authority and right to grant the motion and that he acted accordingly.

The appeal will be dismissed.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.