KATHERINE MASON, Appellant, v. FRED UNDERWOOD, Respondent.

(191 N. W. 949.)

**Appeal and error — ruling on motion for new trial for excessive damages not disturbed unless abuse of discretion shown.**

A motion for a new trial on the ground of excessive damages appearing to have been given under the influence of passion or prejudice is addressed to the sound judicial discretion of the trial court. And the appellate court will not interfere unless a manifest abuse of such discretion is shown. In this case it

Note.—On power of appellate court to grant new trial for excessiveness of damages, see 26 L.R.A. 391; 2 R. C. L. 217; 1 R. C. L. Supp. 453; 4 R. C. L. Supp. 93; 5 R. C. L. Supp. 83.

is *held,* that the supreme court cannot say that the trial court abused its discretion in granting a new trial.

Opinion filed November 23, 1922.

Appeal and Error, 4 C. J. § 2818 p. 836 n. 74. New Trial, 29 Cyc. p. 1009 n. 54.

Appeal from the District Court of Ransom County, *Allen,* J.
Plaintiff appeals from an order granting a new trial.
Affirmed.
*C. G. Bangert, Curtis & Remington,* and *E. T. Burke,* for appellant.
*Kvello & Adams,* for respondent.

CHRISTIANSON, J. This is an appeal from an order granting defendant's motion for a new trial. The action is one to recover damages for false imprisonment. The plaintiff recovered a verdict in the sum of $3,250. The motion for a new trial was made on the ground, among others, of excessive damages appearing to have been given under the influence of passion or prejudice. The trial court granted the motion on this ground and the plaintiff has appealed.

The rules governing the respective functions of trial and appellate courts in considerations of motions for a new trial on a discretionary ground have been so thoroughly considered by this court that we shall not restate these rules but content ourselves by citing some of the many cases in which the applicable principles have been stated. See Pengilly v. J. I. Case Threshing Mach. Co. 11 N. D. 249; 91 N. W. 63, 12 Am. Neg. Rep. 619; Aylmer v. Adams, 30 N. D. 514, 153 N. W. 419; State v. Cray, 31 N. D. 67, 153 N. W. 425; Skaar v. Eppeland, 35 N. D. 116, 159 N. W. 707; Blackorby v. Ginther, 34 N. D. 248, 158 N. W. 354; Reid v. Ehr, 36 N. D. 552, 162 N. W. 903; First International Bank v. Davidson, 36 N. D. 1, 161 N. W. 281. Stated generally, the fundamental rule applicable to motions of this kind is that such motion is addressed to the sound, judicial discretion of the trial court and that the appellate court will not interfere unless a manifest abuse of such discretion is shown. In actions like the one before us, actions for personal torts, the law does not fix any precise rule for admeasurement of damages, and from the necessity of the case their assessment is left to the good sense and unbiased judgment of the jury. The parties, how-

ever, are entitled to have such judgment exercised, and when the jury instead of exercising cool and deliberate judgment permit the verdict to be dictated by passion and prejudice, the trial court not only has the power, but it is a duty incumbent upon it to set the verdict aside. Of course, the trial court has no right to substitute its judgment for the judgment of the jury as to the amount of damages to be awarded. Its inquiry is limited to whether the jury in arriving at the amount allowed, was actuated by passion or prejudice. That is, the trial court is not authorized to grant a new trial in cases of this kind merely because it deems the damages awarded too large; it is authorized to do so only when it reaches the conclusion that an excessive amount was awarded as a result of passion or prejudice. It is the function of the trial court to determine whether the verdict was actuated by passion or prejudice. The function of the supreme court is to review,—not the action of the jury but,—the action of the trial court. And as the trial court is limited to a determination of the existence of passion or prejudice, so the supreme court in turn is limited to a determination of whether the trial court's decision upon this question is manifestly correct or incorrect. That is, the appellate court is limited to a consideration of whether the decision of the trial court is so clearly and manifestly wrong as to amount to an abuse of discretion. Or as has been stated the question presented to this court in a case like this is whether the verdict returned by the jury for the injuries sustained by the plaintiff is so reasonable that this court can say, upon the cold paper record before it, that the trial judge was clearly and unquestionably in error when he said that the verdict was so large that it appeared to him to have been given under the influence of passion or prejudice,—that is to say of excited feeling rather than of calm, sober, deliberate judgment; or of prejudice, that is to say of a state of mind partial to the successful party or unfair to the other. The appellate court is not justified in reversing the order merely because it differs from the trial court as to what would have been just compensation unless the difference of opinion is such as to justify the conclusion that the trial court abused its discretion. Hayne, New Tr. & App. § 95; Lee v. Southern P. R. Co. 101 Cal. 118, 35 Pac. 572.

Appellant lays stress on the fact that this case has been twice tried and that the verdict under consideration here is the second verdict re-

turned in the case. Ordinarily the effect of a former verdict upon the same set of facts is entitled to considerable consideration in determining whether a second verdict is so excessive as to evidence passion or prejudice. That is, when a trial court has set aside one verdict on this ground and a second trial has resulted in a verdict in substantially the same amount, the court will necessarily have some hesitancy in interfering, and at least one court seems to hold that a new trial will not be granted on this ground after a third verdict. 26 L.R.A. 391, note. However, the first verdict in this case was returned not only against Underwood but against Harper,—the owner of the property involved in the controversy which resulted in the arrest. On the second trial no verdict was returned against such owner. In fact the action was dismissed as to him and the verdict was returned against the police magistrate alone. Again, the first verdict was not set aside on the ground of excessiveness. The question as to whether the verdict was or was not excessive was in no manner considered by this court on the former appeal. The first verdict was set aside on the ground of errors of law occurring upon the trial, and this is the first verdict that has been set aside on the ground of excessive damages appearing to have been given under the influence of passion or prejudice. Manifestly the trial court, who saw and heard the witnesses and parties, and was familiar with every incident which occurred during the trial, was in a better position to determine whether the verdict was influenced by passion or prejudice. The favorable position so occupied by the trial judge is the principal reason for the wide discretion vested in him in determining motions of this kind. As a new trial merely affords the parties an opportunity to submit the questions to another jury it is rarely indeed that an appellate court is justified in preventing such new trial. Upon the record before us here we do not feel justified in saying that the trial court abused its discretion in ordering a new trial. Hence the order appealed from is affirmed.

BIRDZELL, Ch. J., concurs.

ROBINSON, J. (specially concurring). This is an action for an alleged false imprisonment of three hours in the city jail at Enderlin. The plaintiff recovered a verdict for over $3,000, though she sustained

no material injury, and though it does appear that she and her husband wrongfully provoked the imprisonment of which she complains. The court set aside the verdict as excessive and given under the influence of passion and prejudice, and the plaintiff appeals. Manifestly the court was right. The verdict was so grossly excessive that it must have been given under some evil influence. Quite possible the plaintiff cast a spell over the jurors; quite possible her skilful counsel made some passionate, unfair, hypnotic, and prejudicial appeal to the jurors, asking them for smart money, while he posed as a disinterested minister of justice. Quite possible this case was prosecuted for a contingent fee of 50 per cent and that counsel, having a personal interest in the case, should have been joined and made a party plaintiff so the jury might know his motive for demanding smart money. In the conduct of such a case, counsel for defense should not allow professional courtesy to prejudice the rights of his client. It is hard to conceive of such a verdict in case the action had been properly defended.

The statute is that damages must in all cases be reasonable. In an action such as this, exemplary damages may be given a plaintiff whose conduct has been exemplary, not to one whose conduct has invited and provoked the alleged injury. Thus in an action for a common assault, the plaintiff should not recover exemplary damages if he had provoked the assault by the use of vile and abusive language or by withholding or trying to steal the property of the defendant.

With this in mind, let us consider the conduct of the plaintiff and her husband in provoking and causing the arrest. They had purchased a house at Enderlin occupied by one Harper and brought suit to dispossess him. That was in June, and in his absence they had stealthily taken possession of the house by going in through a back window, and then they had accepted and retained a deposit of rent to July 13th. Then they insisted on retaining a small tent which Harper owned and had on the premises. They knew well that they did not own the tent and that it belonged to Harper, and still they insisted on retaining it and refused to let the officer remove it. Such was the conduct which caused the chief of police to arrest them. Such conduct was very far from being exemplary or in any way deserving exemplary damages.

The order appealed from is clearly right and should be affirmed.

GRACE, J. (dissenting). This is the second trial in which the plaintiff has recovered a judgment on the same cause of action against the defendant, in substantially the same amount. The trial court granted a motion for a new trial on the ground of excessive damages, appearing to have been given under the influence of passion or prejudice.

There is nothing in the record to indicate any passion or prejudice on the part of the jury. As it appears to me, the court abused its discretion in granting a new trial.

BRONSON, J., concurs.