SIVERT HALVERSON, Appellant, v. DR. S. A. ZIMMERMAN, Respondent.

(218 N. W. 862.)

**Statutes — new trial — power of courts to order a reduction of verdict.**

1. Where a motion for a new trial is made on the ground of excessive damages appearing to have been given under the influence of passion or prejudice, the trial court, on the hearing of such motion, and the Supreme Court on appeal, are vested with power to order a reduction of the verdict in lieu of a new trial where it appears that the passion or prejudice affected only the amount of damages allowed and did not influence the findings of the jury on other issues in the case. Laws 1923, Chap. 334.

**Appeal and error — courts — new trial — reduction of verdict.**

2. In case the trial court, finds upon the hearing of such motion, that excessive damages have been given under the influence of passion or prejudice, it must further determine whether the ends of justice will be best subserved by ordering a reduction of the verdict or by ordering a new trial. Whether there shall be a reduction of the verdict or a new trial, like all other questions involved in the determination of such motion for a new trial, is addressed to the sound, judicial discretion of the trial court and the appellate court will not interfere unless a manifest abuse of such discretion is shown.

**Evidence — negligence being jury question, witnesses must be restricted to evidentiary facts.**

3. Where the ultimate fact to be determined by the jury is whether the conduct of a certain person was negligent, witnesses should not be permitted to express an opinion or judgment upon such ultimate fact, but should be restricted to a statement of evidentiary facts, leaving to the jury to draw the ultimate conclusion as to whether these evidentiary facts establish the ultimate fact at issue.

---

Note.—(1, 2) On excessiveness of damages as ground for new trial, see 20 R. C. L. 281; 3 R. C. L. Supp. 1051.

Opinion filed March 30, 1928.

Appeal and Error, 4 C. J. § 2818 p. 836 n. 74; § 3139 p. 1140 n. 83.  Evidence, 22 C. J. § 597 p. 502 n. 8; § 600 p. 510 n. 65.  New Trial, 29 Cyc. p. 1024 n. 35.

Appeal from the District Court of Barnes County, *Englert,* J.  Plaintiff appeals from an order granting a new trial.

Affirmed.

*Lemke & Weaver,* for appellant.

"Verdicts are not to be set aside as excessive merely because the court would be better satisfied if the damages were assessed at a less sum, but only when it is clear that they are materially greater than the evidence will justify."  Bass v. Chicago & N. W. R. Co. 39 Wis. 636.

"Although trial courts are vested with a large discretion in granting or refusing new trials, such discretion is a legal discretion and appellate courts will not hesitate to interfere for the protection of litigants in a clear case of abuse of such discretion."  Olson v. Riddle, 132 N. W. 655.

"In actions for personal injuries, there is no precise rule for the measurement of damages, the assessment of which, of necessity, being left largely to the good sense of the jury."  Daniels v. Payne, 49 N. D. 370, 191 N. W. 776.

"Where defendant assigns no errors, verdict for plaintiff will be reinstated on setting aside judgment for defendant."  Seabo v. Feiler (Mich.) 214 N. W. 128.

"Misconduct of the jury cannot be predicated on statements by jurors as to matters discussed in jury room while deliberating on verdict."  Kronberg v. Bondhus, 205 N. W. 371.

"Judge's question to jurors as to whether any had policies in company carrying defendant's liability insurance, held not reversible error."  Oliver v. Ashworth, 214 N. W. 85.

*Lawrence, Murphy & Nilles,* for respondent.

"Many courts have held that the best attainable criterion of the reasonableness of the verdict of the jury is the conformity to the average amount awarded by juries in cases in which injuries of like nature and like extent have been sustained."  Morris v. Hines, 107 Neb. 788, 187 N. W. 130.

"Where the facts in a number of cases are substantially the same,

the compensation therefor ought not to be left wholly indeterminate, or wholly dependent on the verdict of the jury in a particular case, if any means can be discovered by which the amount of the compensation can be reasonably approximated." Lorillard Co. v. Clay, 104 S. E. 384.

CHRISTIANSON, J.  Plaintiff brought this action to recover damages against the defendants Zimmerman and Crosby for alleged malpractice in the diagnosis and treatment of plaintiff's left shoulder and arm which had been injured in an automobile accident.  The action was dismissed as to the defendant, Crosby.  The jury returned a verdict against the defendant Zimmerman for $12,000.  The defendant moved for a new trial on the grounds, among others: (1) Excessive damages appearing to be given under the influence of passion or prejudice; and (2) error in the admission of evidence prejudicial to the defendant.  The trial court held that these two grounds were well founded and ordered a new trial, and the plaintiff appeals.

In granting a new trial the trial judge filed a memorandum opinion wherein he considered at length the various questions presented on such motion.  As regards the questions of excessive damages and alleged errors in admission of evidence the court said in part:

"The statute (§ 7660, subd. 5, Supplement to 1913, Compiled Laws) sets forth as one of the causes for a new trial: 'Excessive damages appearing to have been given under the influence of passion or prejudice.  Where a new trial is asked for on this ground, and it appears that the passion and prejudice affected only the amount of damages allowed, and did not influence the finding of the jury on other issues in the case, the trial court, on hearing the motion, and the Supreme Court on appeal, shall have power to order a reduction of the verdict in lieu of a new trial; or to order that a new trial be had, unless the party in whose favor the verdict was given remit the excess of damages.'

"The plaintiff was sixty-one years of age, and according to the Carlisle tables of mortality, he had 12.06 years yet to live.

"Dr. Platou testified that he found the plaintiff normal, except for the condition of his left shoulder, arm and hand.  He also testified that the plaintiff had some use of his arm, but that 'he will never get full use of it.'  Counsel for the plaintiff maintains that taking into account the plaintiff's life expectancy, what he could earn during that time,

56 N. Dak.—39.

expenses paid out, and considering the pain and suffering, that the verdict is not excessive. . . .

"On the question of an excessive verdict in this case, there can be no real difference of opinion. The important question then is, whether this court ought to reduce the verdict, or grant a new trial.

"Under the statute quoted, the court has that power. . . .

"While our statute says that the court may reduce excessive verdicts, which are the result of passion or prejudice, the facts in this case would make it exceedingly difficult for this court to determine the amount of damages with any degree of fairness or justice. To this end, we must bear in mind that the plaintiff had been severely injured by an automobile, and that his shoulder was dislocated by that accident, and he suffered a great deal of pain as a result thereof. The negligence of the defendant is that of omission, and not of commission. His negligence is attributed to something he failed to do, perform or investigate. He did not inflict the injury.

"It is quite apparent from the amount of the verdict in this case, that the jury allowed damages to the plaintiff for his entire injury, both that sustained in the automobile accident, and that claimed as a result of the failure of the defendant to properly care for the dislocated shoulder.

"This case presents such a peculiar situation, and the result so out of proportion to the amounts generally allowed in cases where the party who inflicted the injury was held liable, that no court would feel like determining the amount that the plaintiff ought to recover, but would feel that the case ought to be submitted to another jury for a fair and impartial verdict. This is made so too, because of error assigned on the admission of the testimony, the admissibility of which, in the opinion of this court, is of a very doubtful character."

The testimony which the trial court in its memorandum opinion refers to as being of a very "doubtful character" consisted of the testimony of medical experts adduced in behalf of the plaintiff. The doctors were permitted to testify, over objection, "that it was negligent," and "would be considered carelessness and negligence" to do what the evidence adduced by the plaintiff tended to show that the defendant did or failed to do as regards the treatment of plaintiff.

A careful consideration of the questions thus presented leads us to

the conclusion that the order of the trial court must be affirmed. While it is true that under the laws of this state the trial court, and the Supreme Court on appeal, have power to order a reduction of the verdict in lieu of a new trial, where it appears "that the passion and prejudice affected only the amount of damages allowed and did not influence the finding of the jury on other issues in the case," it is equally true that the question whether the error of a jury in allowing excessive damages, under the influence of passion or prejudice, may be corrected by a reduction of the verdict, or whether a new trial must be had, like every other question involved where a new trial is sought upon a discretionary ground, is one primarily for the determination of the trial court, and its rulings will be disturbed only when an abuse of discretion is clearly shown. Reid v. Ehr, 36 N. D. 552, 162 N. W. 903; Wagoner v. Bodal, 37 N. D. 594, 164 N. W. 147. The discretion vested in the trial court should be, and presumptively has been, exercised in the interest of justice. State v. Cray, 31 N. D. 67, 153 N. W. 425.

The provision authorizing a reduction of the verdict in lieu of a new trial in cases where excessive damages appear to have been given under the influence of passion or prejudice was adopted by the legislative assembly in 1923. Laws 1923, chap. 334. Before the amendment, the courts had no authority to order a reduction of a verdict; if a verdict was tainted by passion or prejudice a new trial must be had in all cases. Carpenter v. Dickey, 26 N. D. 176, 143 N. W. 964; Waterman v. Minneapolis, St. P. & S. Ste. M. R. Co. 26 N. D. 540, 145 N. W. 19; Wagoner v. Bodal, 37 N. D. 594, 164 N. W. 147. The amendment, granting power to order a reduction of the verdict in lieu of a new trial, did not restrict, but rather enlarged, the discretion of the trial court and made its discretion in that respect subject to the same rules, including the right of review in the Supreme Court, as its discretion on other questions involved in the determination of a motion for a new trial based upon a discretionary ground. In other words, whether excessive damages have been awarded under the influence of passion and prejudice and, if so, whether the ends of justice may be subserved by ordering a reduction of the verdict or whether a new trial must be had are primarily questions for the trial court; the function of this court on appeal is merely to review the ruling of the trial court on such motion and such a review is limited to a determination of whether the

trial court abused its discretion in making the determination which it did and thereby effected an injustice.   State v. Cray; Reid v. Ehr; and Wagoner v. Bodal, supra.

It is clear from the record in this case, and especially the memorandum opinion prepared by the district court, that the trial judge gave careful consideration to the different questions involved, and after such consideration, it was the deliberate decision of the trial court that the ends of justice would be best subserved by a new trial.   And we are wholly agreed that upon the record presented upon this appeal, it cannot be said that the district court abused the judicial discretion vested in it in making such determination.

While we are not prepared to say that the rulings made by the trial court in permitting medical experts to testify that the acts, or failure to act, on part of the defendant was "negligence" and would be considered "carelessness and negligence," would constitute reversible error in every case, or in this case, we are agreed that the questions were improper and in conflict with the decision of this court in Dolan v. O'Rourke, ante, 416, 217 N. W. 667.

"It is the province of the jury to determine the ultimate fact whether conduct was careless, reckless, or negligent, and this right may not be encroached upon by witnesses.   It is the function of the witnesses to state evidentiary facts and the function of the jury to draw such conclusions as the facts warrant."   Dolan v. O'Rourke, supra; 3 Jones, Ev. 2d ed. § 1243, p. 2285.

Order affirmed.

NUESSLE, Ch. J., and BIRDZELL, BURKE, and BURR, JJ., concur.