[File No. 6279.]

NELS MOEN, Respondent, v. THEODORE C. MOEN, Appellant.

(256 N. W. 254.)

Opinion filed August 14, 1934.   Rehearing denied September 25, 1934.

*Chas. A. Lyche,* for appellant.

*Geo. A. Bangs* and *Aaron T. Jahr,* for respondent.

Burr, Ch. J.   This is an action to recover damages for alleged slander.

Plaintiff charges the defendant with saying:  "Nels has been thieving and stealing wood and fence posts ever since the mortgage was issued," and "he is a thief."

Defendant denies. this, alleging he said:  "But this I firmly believe that a man who has someone to cut timber on halves without permission from he who hold the sheriff's certificate of sale during the redemption period steals from the owner of the sheriff's certificate."

At the close of the case defendant moved for a directed verdict which motion was denied.  The jury returned a verdict for the plaintiff in the sum of one thousand dollars actual damages and two thousand dollars exemplary damages.  Judgment was entered for the amount of the verdict and costs.  Defendant moved for a new trial which was denied.  The appeal is from the judgment entered and from the order denying defendant's motion for a new trial.

There are numerous specifications of error, but they may be grouped into three classes as follows: there is no evidence to sustain the verdict, especially with reference to its amount; the court erred in the reception and rejection of testimony; and the court erred in refusing to give certain requested instructions.

We concern ourselves with the issue arising on the question of the verdict.  Appellant's brief is devoted, practically exclusively, to consideration of this subject.  There is a mere reference to the rulings on the omission and rejection of testimony and to the refusal to give the requested instructions.  There is no argument thereon nor any cita-

tions of authorities other than specified in the requested instructions. The case is submitted on briefs and the only reference we find to the alleged error in refusing instructions is this statement found on page 39 of appellant's brief: "Then, we desire to call the court's attention to errors in refusing defendant's requests for instructions. There were five requests for instructions which were refused by the court without any reason as far as the record shows.

"These instructions are based upon the law, and the particular book and page where the proofs involved could be found are set forth in each request, so that there is no excuse for refusing either one of the requests asked by the defendant."

Where assignments are not argued in the brief they are deemed abandoned and need not be noticed. Kennedy v. State Bank, 22 N. D. 69, 132 N. W. 657; Willoughby v. Smith, 26 N. D. 209, 144 N. W. 79; Starke v. Wannemacher, 32 N. D. 617, 626, 156 N. W. 494; Beauchamp v. Retail Merchants Asso. 38 N. D. 483, 498, 165 N. W. 545.

The trial court was justified in refusing to direct a verdict in favor of the defendant. There was plenty of evidence to show the defendant made the statements as charged by the plaintiff. True defendant gives a different version, but the conflict was one for the jury to determine and they could find either way. See Lang v. Bailes, 19 N. D. 582, 125 N. W. 891; Hager v. Clark, 35 N. D. 591, 161 N. W. 280; Kraft v. Martell, 58 N. D. 58, 225 N. W. 79.

The granting or denying of a new trial on the ground of the insufficiency of the evidence "is largely within the discretion of the trial court and it is not error to deny a motion for a new trial when the evidence is conflicting and where there is ample evidence on the record if believed by the jury." Burdick v. Mann, 60 N. D. 710, 236 N. W. 340, 82 A.L.R. 1443.

The only serious question is the excessiveness of the verdict. It is the rule "that an application for a new trial upon the ground that the verdict is excessive and appears to have been given under the influence of passion or prejudice is addressed to the sound judicial discretion of the trial court." Burdick v. Mann, supra. The appellate court will not interfere unless a manifest abuse of discretion is shown. (Mason v. Underwood, 49 N. D. 243, 191 N. W. 949; Nesvold v. Gerding, 51

N. D. 237, 199 N. W. 860); but if it reasonably appears that the verdict is excessive by reason of influence of passion or prejudice it is the court's duty to determine whether the ends of justice will be best subserved by reducing the judgment or by ordering a new trial. Halverson v. Zimmerman, 56 N. D. 607, 218 N. W. 862; Schuler v. Mobridge, 44 S. D. 488, 184 N. W. 281. When a jury "instead of exercising cool and deliberate judgment permits the verdict to be dictated by passion and prejudice, the trial court not only has the power, but it is a duty incumbent upon it to set the verdict aside." Mason v. Underwood, 49 N. D. 243, 191 N. W. 949, supra.

However to authorize a new trial because the verdict is excessive the damages must be so excessive "as to strike mankind, as being unreasonable and outrageous, and such as manifestly show jury actuated by passion, partiality, prejudice or corruption, and unless flagrantly outrageous and extravagant the court cannot draw the line, having no standard to ascertain excess. . . ." Schuler v. Mobridge, 44 S. D. 488, 184 N. W. 281, supra. See also Booren v. McWilliams, 34 N. D. 74, 157 N. W. 698; Swanstrom v. Minneapolis, St. P. & S. Ste. M. R. Co. 34 N. D. 141, 157 N. W. 976.

The record shows plaintiff was living on the farm on which he was born. With him resided his aged mother, his wife and children—the eldest child, at the time involved, being fourteen or fifteen years of age. The defendant had foreclosed a mortgage upon the farm, the year of redemption had expired and defendant had obtained a sheriff's deed. The plaintiff had taken advantage of an acceleration clause and declared the whole debt due because of default in payment of interest and taxes. Defendant went to the farm home with a prospective tenant and others, ostensibly to see when the plaintiff would surrender the premises. Plaintiff was absent from the home; but defendant met the mother, the wife and some of the older children. The farm had some timber growing on it. During the years of occupancy the plaintiff each year had cut a sufficient amount of timber to supply himself with fire wood and fence posts. During the year of redemption he had cut, or caused to be cut, some twelve to twenty cords of wood and a few hundred fence posts—some of the wood being cut on shares. The defendant knew of this wood cutting and while at the home made reference thereto. Plaintiff showed that in the presence of the mother,

the wife and some of the older children defendant made the statements attributed to him. Defendant testified the statement he made was such as he sets forth, and that it was founded upon the knowledge he had of the cutting of the fire wood and fence posts during the year of redemption, and that part of it went to others for their work in cutting.

The words were slanderous per se if not true and therefore plaintiff was entitled to recover damages.

"Damages to a person's reputation, although they may not be capable of objective measurement in actual dollars and cents, nevertheless, they are not speculative; they neither require special allegation nor special proof. They are capable of being reduced to money values by reason of the law's presumption that an injury done to a person's feelings, the public shame and disgrace incurred, and the degradation of his reputation, are a substantial loss." Meyerle v. Pioneer Pub. Co. 45 N. D. 568, 574, 178 N. W. 792. Special damages refer to a special pecuniary loss, but are not such a necessary result that are inferred from the character of the words. Ibid.

Where words are slanderous per se, malice is conclusively presumed, in the absence of a claim of privilege. Wrege v. Jones, 13 N. D. 267, 100 N. W. 705, 112 Am. St. Rep. 679, 3 Ann. Cas. 482. Where malice is presumed the jury has the right in addition to the actual damages to allow exemplary damages for the sake of example. Comp. Laws, § 7145. See McCurdy v. Hughes, 63 N. D. 435, 248 N. W. 152, 87 A.L.R. 683. But in all cases damages must be reasonable and "when an obligation of any kind appears to create a right to unconscionable and grossly oppressive damages contrary to substantial justice, no more than reasonable damages can be recovered." Comp. Laws, § 7183.

The amount of damages allowed for slander is primarily a matter for the jury in the exercise of its sound discretion.

There is no proof of any special damages accruing to the plaintiff and there is no attempted proof that anyone believed the plaintiff to be a thief or that plaintiff fell in the estimation of anyone because of the statement. With the possible exception of one other person the only ones who heard the statement were the mother, the wife and the older children.

We assume the truth of the statements as related by the witnesses for the plaintiff and therefore that the defendant in the presence of the

mother, the wife, and some of the children called the son, husband and father a thief. For this the jury said the defendant should pay one thousand dollars as compensatory damages and two thousand dollars as exemplary damages. This is the amount which the plaintiff offered to pay to the defendant to re-purchase the farm.

Clearly the verdict is excessive. It is true that a motion for a new trial on the ground of excessive damages appearing to have been given under passion and prejudice is addressed to the discretion of the trial court (Reid v. Ehr, 36 N. D. 552, 162 N. W. 903; Wagoner v. Bodal, 37 N. D. 594, 164 N. W. 147) and that the appellate court will not interfere except for abuse of discretion; but our statute provides that where a new trial is asked for on the ground of such excessive damages given under the influence of passion or prejudice this court, when it appears that the passion and prejudice affected only the amount of the damages, has the power to order reduction of the verdict in lieu of a new trial. Section 7680, subd. 5, Supplement.

There were many things in the trial of the case to arouse the sympathy of the jury. The aged mother had come to this farm practically as a bride. Her children had been born there. She was now past eighty and was wanting to die on the farm, and in the house in which she had lived. Financial reverses affected her son, who apparently was her sole support. He had tried to buy back the farm and in the conversation with the defendant the old lady had wept. She was indignant at her son being called a thief. The charge was made in the presence of the children of the plaintiff and in the presence of his wife. It was made in his own home. True the defendant was well within his rights in requiring the plaintiff to vacate and the record shows also that he offered to allow the plaintiff to re-purchase the farm on very liberal terms. But he had no right to slander the plaintiff. However, it is beyond all reason to say that a verdict of three thousand dollars is justified by the facts in this case.

We believe that this is a case which not only justifies but requires this court to order a new trial on the ground of "excessive damages appearing to have been given under the influence of passion and prejudice," unless the plaintiff consents to a reduction of the verdict to three hundred dollars.

It is therefore ordered that a new trial be granted unless plaintiff,

46

within thirty days after the filing of the remittitur, or such other time as may be granted by the trial court, remits the excess of the damages and agrees to a reduction of the judgment to three hundred dollars. In the case of such remission the judgment will be affirmed in the amount stated without costs to either party.

CHRISTIANSON, MOELLRING, NUESSLE, and BURKE, JJ., concur.