STATE OF NORTH DAKOTA FOR THE BENEFIT OF THE WORKMEN'S COMPENSATION FUND OF THE STATE OF NORTH DAKOTA, and John R. Hoye, Respondents, v. NORTHWEST NURSERY COMPANY, a Corporation, and E. C. Hilborn.

E. C. Hilborn, Appellant.

(268 N. W. 689.)

Opinion filed August 8, 1936.

*Shure & Murphy,* for appellant.

*Milton K. Higgins,* Assistant Attorney General, and *Aloys Wartner,* for respondents.

CHRISTIANSON, J. This is an appeal from an order denying a motion for a new trial by the defendant Hilborn. The action is one to recover damages for personal injuries alleged to have been sustained by the plaintiff Hoye as a result of being struck by an automobile operated by the defendant Hilborn. The facts necessary to an understanding of the issues involved on this appeal are substantially as follows. On July 25, 1933, the plaintiff Hoye was an employee of the Standard Oil Company and operating one of its service stations at the city of Harvey in this state. The Standard Oil Company had complied with the requirements of the Workmen's Compensation Law of North Dakota and as a result Hoye, as its employee, became and was insured by the Workmen's Compensation Fund. The defendant Hilborn is an officer and employee of the defendant Northwest Nursery Company. On July 25, 1933, the defendant Hilborn drove his automobile to the Standard Oil Company service station at Harvey, North Dakota, then being operated by the plaintiff Hoye. Hilborn had been having some trouble with the water pump. At the request of Hilborn, Hoye endeavored to tighten the pump packing nut on the motor which apparently was loose. Either while he was engaged in doing this work or immediately after he had finished the defendant Hilborn started his automobile. It appears from Hilborn's testimony that after he had driven the car into the service station he turned the ignition switch and stopped the motor, but that instead of leaving the gear in neutral he placed it in reverse. Apparently Hilborn had forgotten that the automobile was in gear and assumed that it was in neutral. When he stepped on the starter the automobile lurched backward and struck the plaintiff Hoye and he was squeezed between the fender of the automobile and the wall of the service station. The plaintiff Hoye sustained certain injuries. He filed claim with the Workmen's Compensation Bureau and received certain compensation from the North Dakota Workmen's Compensaton Fund.

The North Dakota Workmen's Compensation Act provides that when an injury or death for which compensation is payable under the Workmen's Compensation Act shall have been sustained under circumstances creating in some other person than the North Dakota Workmen's Compensation Fund a legal liability to pay damages in respect

thereto; and if the injured employee or his dependents claim and is awarded compensation under the act, that then "the North Dakota Workmen's Compensation Fund shall be subrogated to the rights of the injured employee or his dependents to recover against that person, provided, if the Workmen's Compensation Fund shall recover from such other personal damages in excess of the compensation already paid or awarded to be paid under this act, then any such excess shall be paid to the injured employee or his dependents less the expenses and costs of action." Laws 1919, chap. 162, § 20; 1925 Supplement, § 396a20. This action was brought under the provisions of this section for the benefit of the Workmen's Compensation Fund and Hoye. The case was tried to a jury. Before it was submitted, the action was dismissed as against the defendant Northwest Nursery Company. The jury returned a verdict against the defendant Hilborn for $4375.00. The defendant Hilborn moved for a new trial on the ground, among others, of excessive damages appearing to have been given under the influence of passion and prejudice. The motion was denied and the defendant has appealed.

The sole question presented on this appeal is whether the trial court should have ordered a new trial, or a reduction of the verdict, on the ground that the jury as a result of passion and prejudice awarded excessive damages.

Our statute (§ 7660, 1925 Supplement) provides:

"The former verdict or other decision may be vacated and a new trial granted on the application of the party aggrieved for any of the following causes materially affecting the substantial rights of such party: . . .

"5. Excessive damages appearing to have been given under the influence of passion or prejudice. Where a new trial is asked for on this ground, and it appears that the passion and prejudice affected only the amount of damages allowed, and did not influence the findings of the jury on other issues in the case, the trial court on hearing the motion, and the supreme court on appeal, shall have power to order a reduction of the verdict in lieu of a new trial; or to order that a new trial be had unless the party in whose favor the verdict was given remit the excess of damages."

A motion for a new trial on the ground of excessive damages appearing to have been given under the influence of passion and prejudice is addressed to the sound judicial discretion of the trial court; and the appellate court will not interfere unless there is an abuse of such discretion. Reid v. Ehr, 36 N. D. 552, 162 N. W. 903; Mason v. Underwood, 49 N. D. 243, 191 N. W. 949; Burdick v. Mann, 60 N. D. 710, 236 N. W. 340, 82 A.L.R. 1443; Halvorson v. Zimmerman, 56 N. D. 607, 218 N. W. 862.

Where a motion for a new trial is made on this ground and the trial court finds that excessive damages have been given under the influence of passion or prejudice it must further determine whether the ends of justice will be best subserved by ordering a reduction of the verdict or by ordering a new trial. "Whether there shall be a reduction of the verdict or a new trial, like all other questions involved in the determination of such motion for a new trial, is addressed to the sound judicial discretion of the trial court." Halvorson v. Zimmerman, 56 N. D. 607, 218 N. W. 862, supra. "Whether excessive damages have been awarded under the influence of passion and prejudice and, if so, whether the ends of justice may be subserved by ordering a reduction of the verdict or whether a new trial must be had are primarily questions for the trial court; the function of this court on appeal is merely to review the ruling of the trial court on such motion and such review is limited to a determination of whether the trial court abused its discretion in making the determination which it did and thereby effected an injustice." Halvorson v. Zimmerman, 56 N. D. 611–612, 218 N. W. 863.

The evidence discloses that at the time of the injury the plaintiff was about forty years of age. Plaintiff is a railroad locomotive fireman and engineer and had been employed by the Soo Railway Company in that capacity from July, 1916 until the fall of 1931. Owing to the decrease in the business of the railway company he worked only intermittently during 1931 and in November, 1931, he was employed by the Standard Oil Company as a filling and service station attendant at Harvey, North Dakota. His salary as such employee averaged $90.00 per month. On July 25, 1933, the defendant Hilborn drove his car into the filling and service station operated by the plaintiff Hoye to have the car serviced. Either while plaintiff was engaged in such

work or immediately after having completed it, the defendant Hilborn started the car and backed it up in such manner as to press the body of the plaintiff Hoye against the wall of the filling station.

There is a conflict in the evidence as to what occurred immediately after the accident, whether plaintiff walked into the filling station without assistance or whether he was assisted by his helper. It is undisputed, however, that the plaintiff Hoye was placed in the automobile of the defendant Hilborn and taken to his (Hoye's) home. Hoye remained at home until the 7th day of September, receiving massage and hot water treatments from a doctor at Harvey, North Dakota. He then went to Bismarck, some 110 miles distant, where he consulted the physician for the North Dakota Workmen's Compensation Bureau. He was examined by this physician and placed in one of the hospitals in Bismarck. This physician testified that the plaintiff Hoyt at that time had an apparent partial paralysis of both legs and that he also showed evidence of sacroiliac strain. The physician further testified that he prescribed the "usual physiotherapy treatment," consisting of packs, baths, electric treatment, heat and massages. Hoye remained in the hospital at Bismarck for approximately ten days and then returned to his home at Harvey where he remained until October 3, 1933. He then returned to the hospital at Bismarck and remained there for approximately ten days. He received the same treatments as before and in addition was supplied with a belt prescribed by the doctor. On being released from the hospital the doctor directed him to go home and go to work. He did return home and worked as a helper in the filling station for some four or five weeks, but, according to the testimony, he did not work full time each day.

The plaintiff was allowed and paid total disability by the Workmen's Compensation Bureau from the date of the accident up to January 5, 1934, and he was allowed and paid fifty per cent disability from January 5, 1934, up to April, 1935.

The defendant introduced in evidence a report made by the physician for the Workmen's Compensation Bureau to the bureau in January, 1935, wherein, among other things, it was stated that the plaintiff claims that the knee "gives out on him" when he steps on it; that the examination was essentially negative and that "watching him when he dresses or undresses he uses the left leg as though he had no power

in it. This must be 'put on' as there is absolutely no pathology to account for it." The defendant also adduced the testimony of another physician who examined the plaintiff Hoye while the trial was in progress. This latter physician testified that he could find no objective symptoms of sacroiliac strain and that it was his conclusion that the plaintiff was a neurotic individual and that his complaints had been exaggerated.

The plaintiff adduced the testimony of another physician who examined the plaintiff Hoye in Bismarck in January, 1934, at the request of the Workmen's Compensation Bureau. This physician testified that the examination was practically negative except that there was some evidence of sacroiliac strain. He further testified that usually there are no objective symptoms of sacroiliac strain.

Plaintiff was injured July 25, 1933. The trial of the action commenced June 12, 1935. Upon the trial plaintiff testified that he still had pains in his back and left leg and that he had had such pains continuously since the accident. He further testified that upon leaving the hospital at Bismarck the second time he went to work as a helper in the filling station; that he worked there in all four or five weeks; that he suffered pain and was unable to work full hours; that after working awhile in the morning he would go home and lie down and rest a couple of hours to obtain relief from the pain and would then come back in the afternoon and work until, as he expressed it, "I was all in" and would then go home and lie down and rest a couple of hours at supper time; that finally he could stand to work no longer and that his physician at Harvey advised him that the only thing to do was to lie down and rest. He further testified that he had endeavored to get back into the service of the Soo Railway Company; that he worked one night on the switch engine and made one trip on a passenger train; that he was then called for a physical examination and was rejected. He further testified that the traffic of the railway company had increased and that under his seniority rights he would have been entitled to fairly continuous employment and that if he had been able to carry on his work and retain employment with the railway company his earnings would have averaged about $2500.00 per year. He further testified that at the time he was injured his compensation from the Standard Oil Company consisted of a guaranteed salary of $70.00 a month

and a commission so that his actual earnings at that particular time of the year varied from $137.00 to $147.00 per month.

We are agreed that upon the record presented on this appeal the order appealed from must be affirmed. It indisputably appears from the evidence that the plaintiff Hoye did sustain substantial injuries. That he was totally incapacitated for some period appears quite clear. That he sustained considerable pain and suffering the evidence establishes beyond doubt. There was, we think, evidence from which the jury reasonably might have concluded that at the time of the trial the plaintiff was still suffering pain and disability resulting from the accident.

In view of all the facts and circumstances, including the age and earning power of the plaintiff and the evidence as to pain and suffering, the cost of medical treatment and hospitalization, and the loss of earnings, we find no reasonable ground for holding that the trial court was in error in ruling that the jury had not been influenced by passion or prejudice in arriving at the verdict. On the record presented on this appeal the order appealed from is correct. It must be and is affirmed.

BURKE, Ch. J., and BURR, NUESSLE and MORRIS, JJ., concur.