[File No. 6581.]

ADELINE NEUGEBAUER, Appellant-Respondent, v. FRED AN-
STROM, as Sheriff of Burleigh County, North Dakota, Respond-
ent-Appellant.

(283 N. W. 74.)

Opinion filed December 22, 1938.

F. E. McCurdy, for appellant-respondent.

Hyland & Foster, for respondent-appellant.

MORRIS, J. This is an action by the plaintiff as assignee of Donald W. McLean, against Fred Anstrom, as Sheriff of Burleigh County, to recover for feed and labor furnished in caring for four cows and two two-year old heifers left in the custody and care of McLean by the sheriff who had levied thereon under a warrant of seizure. The warrant had been issued in an action to foreclose a chattel mortgage given by McLean to the Regional Agriculture Credit Corporation of Minneapolis. McLean disclaimed ownership of the cattle. His wife, Lila McLean, filed a third party claim as owner thereof. Her claim was sustained in the foreclosure action and the cattle were eventually released from the levy. The levy was made October 15, 1935, and released September 15, 1936. The cattle were cared for by McLean during the intervening period. The jury in this case returned a ver-

dict for the plaintiff for $335.00. Upon a motion for judgment notwithstanding the verdict or for a new trial, the trial court ordered that a new trial be granted unless the plaintiff accepted a reduction in the verdict to the sum of $70.00 within ten days after service of the court's order in which event the motion for new trial would be denied.

The plaintiff appeals from that part of the order which reduces the verdict but does not appeal from that part which denies the motion for judgment notwithstanding the verdict. The defendant cross-appeals from the judgment and the order denying defendant's motion for judgment notwithstanding the verdict.

The defendant first contends that the complaint pleads an action upon express contract and predicates error upon the admission over objection of testimony concerning reasonable value of caring for the livestock and also upon instructions of the court submitting the question of reasonable value to the jury. The defendant cites Comptograph Co. v. Citizens Bank, 32 N. D. 59, 155 N. W. 680; and Lowe v. Jensen, 22 N. D. 148, 132 N. W. 661, in support of his contention. We will first construe the allegations of the complaint with regard to this point. The complaint alleges that the defendant was and is the sheriff of Burleigh county and that he levied upon and seized the cattle herein involved and left them with Donald McLean to be fed, cared for and protected. It is then alleged:

"That some little time thereafter the said Donald McLean desiring to have an understanding as to his compensation called at the office of the defendant herein in the Courthouse in Bismarck, in said county and State to have a definite understanding as to his compensation for the care of said cattle and the said defendant herein telephoned to George F. Schafer attorney for the said Regional Agricultural corporation of Minneapolis and after talking with said George F. Schafer stated to said Donald McLean that he should see Mr. Schafer and that any arrangement he made with said George F. Schafer was all right with him. That thereupon said Donald McLean called upon said George F. Schafer and with him agreed that two dollars per day was a reasonable price for the labor, feed and care of said live stock.

"That pursuant to said arrangements and agreements with the defendant herein as sheriff aforesaid and with said George F. Schafer

as above stated the said Donald W. McLean kept, fed and cared for the said live stock until September 15th, 1936, a period of 335 days and that the reasonable price of the feed, labor and care of said stock for said period is and was the sum of $670.00 all of which was due and payable September 15, 1936. That no part of the said sum has been paid and the whole sum is past due and payable.

"That the said Donald W. McLean kept the said live stock in good condition and carefully cared for the same during all of that time and delivered the same to the sheriff of Burleigh County, North Dakota on the said 15th day of September 1936."

The defendant contends that these allegations constitute the pleading of an express contract which includes the price to be paid for the services rendered by McLean. The plaintiff contends that while the contract is express as far as the service to be rendered is concerned, that it does not provide an agreed value for the services and the value is, therefore, implied to be the reasonable value and that it was proper to submit evidence of such value and for the court to permit the jury to determine the reasonable value of the feed, labor and care, furnished by McLean.

While this complaint might have been more specific, it does set forth an express contract whereby McLean agreed with the sheriff to care for the livestock for a reasonable price. The fact that the price was not specifically fixed does not make it an implied contract, it merely leaves as an undetermined question of fact what the reasonable price is. It was proper to admit evidence of this fact at the trial and to leave its determination to the jury. It was proper for the court to permit the jury to determine the reasonable value of the services under the whole evidence in the case, which the court did. The court instructed the jury on the law of implied contract which was unnecessary. However, it does not appear that any prejudice to the defendant resulted from this instruction. The ultimate question of reasonable value was properly submitted.

The defendant next contends that the claim upon which this suit is brought is not assignable because it resulted from an agreement which involved the performance of personal services between the parties. As a general rule, a contract for the performance of personal services is not assignable by either the employer or the employee. This assign-

ment, however, merely covers the right to the money earned under the contract which had already been performed as far as the personal services were concerned. Such a claim is assignable even though the contract under which the services were rendered may not have been subject to assignment. 4 Am. Jur. Assignments, p. 240, § 14; 6 C. J. S., Assignments, § 15; Dixon-Reo Co. v. Horton Motor Co. 49 N. D. 304, 191 N. W. 780.

The defendant's next point is that the expenses of caring for the cattle while they were under levy by the sheriff are costs in the action for which the sheriff is permitted to charge under § 3514, ¶ 34, N. D. Comp. Laws, 1913, and that the amount thereof must be determined by the court in the foreclosure action. Citing, First Nat. Bank v. Simmons Hardware Co. 29 N. D. 90, 150 N. W. 270. That case holds that no action can be maintained by the sheriff or his assignee for expenses incurred in taking and preserving property under a writ of attachment until the items of expense have been approved by the court. It is not authority for the defendant's contention in this case which is an action against the sheriff for the value of services rendered in caring for the property. The fact that the court must pass upon the amount which the sheriff is entitled to charge as costs in the action did not bind McLean as to the amount which he is entitled to receive under his contract with the sheriff nor affect the assignability of his claim for compensation.

The defendant also cites chapter 206, N. D. Sess. Laws, 1933, as amended by chapter 240, N. D. Sess. Laws, 1935, which prohibits removal for the purpose of sale of personal property ordered sold by court order in chattel mortgage foreclosure proceedings, and directs that sales of such property be conducted on the premises where the property was seized. He argues that under this statute there could be no change in possession of the cattle, and, therefore, no claim for their care and feed could be made by McLean. This statute has no bearing whatsoever on this case. Again the defendant's contention is answered by stating that this is a suit upon contract by one who claims to have furnished services under an agreement on the part of the sheriff to pay him a reasonable value therefor. The plaintiff relies upon this contract and not upon either the performance or the violation of any statutory duty by the sheriff.

The defendant specifies that the evidence is insufficient to sustain the verdict and sets out the particulars in which he claims the evidence to be insufficient. The trial court in its memorandum opinion finds that there was evidence to sustain a verdict, and also finds that the amount thereof is so excessive as to indicate passion and prejudice on the part of the jury. An analysis of the testimony shows that there was evidence from which the jury might find that the defendant entered into a contract with McLean to care for the cattle and that he was to receive a reasonable sum for his services. The record is such that this court will not disturb upon appeal the determination of the jury and the trial court to the effect that there was such a contract. The trial court, however, differs with the jury as to the amount which would represent the reasonable value of these services. The jury placed it at $335.00 and the court reduced it to $70.00. The plaintiff contends that the court erred in making this reduction for two reasons. First, that the court could not consider the question of excessive damages because the specifications of error do not include excessive damages as one of the grounds upon which error is predicated, and second, that in view of the state of the evidence, the court abused its judicial discretion in reducing the verdict.

An examination of the record discloses that the defendant's motion was made on four grounds, one of which was "excessive damages appearing to have been given under the influence of passion and prejudice." The plaintiff complains because this ground was not repeated in the specifications of error attached to the motion. The ground above quoted was embodied in the notice of motion and specifically made one of the grounds upon which the motion for new trial was based. It was properly brought to the attention of the trial court. It was unnecessary to again repeat it in the specifications of error attached to the motion.

A motion for a new trial upon the ground of excessive damages appearing to have been given under the influence of passion and prejudice, is addressed primarily to the sound judicial discretion of the trial court and its decision will not be disturbed unless an abuse of that discretion is clearly shown. Skaar v. Eppeland, 35 N. D. 116, 159 N. W. 707; Northwest Engineering Co. v. Gjellefald-Chapman Constr. Co. 57 N. D. 500, 222 N. W. 621; Baird v. Clooten, 60 N. D. 699,

236 N. W. 356; Olstad v. Stockgrowers Credit Corp. 66 N. D. 416, 266 N. W. 109; State use of Workmen's Comp. Fund v. Northwest Nursery Co. 66 N. D. 704, 268 N. W. 689; Mason v. Underwood, 49 N. D. 243, 191 N. W. 949; Burdick v. Mann, 60 N. D. 710, 236 N. W. 340, 82 A.L.R. 1443; Halverson v. Zimmerman, 56 N. D. 607, 218 N. W. 862; Reid v. Ehr, 36 N. D. 552, 162 N. W. 903; Wagoner v. Bodal, 37 N. D. 594, 164 N. W. 147. Where a new trial has been asked for on this ground, and it further appearing that the passion and prejudice affected only the amount of the verdict, the trial court has the power to order that a new trial be had unless the party in whose favor the verdict was given remits the excess. 1925 Supplement to Compiled Laws, § 7660, ¶ 5.

No change was made in the possession or the use of the cattle during the time that they were under levy. They were apparently kept in the usual place and in the usual manner. One cow was milked about two-thirds of the time. Two of the cows had calves which were permitted to run with the cows. All of the cattle were turned back to McLean's wife when the levy was released. The trial court undoubtedly considered all of the facts and circumstances disclosed by the evidence in determining that the amount of the verdict was excessive. We have carefully examined the record and have reached the conclusion that the trial court did not abuse the discretion vested in it. The order should be modified to permit the plaintiff, if she so desires, to accept the reduced verdict within ten days after the remittitur is filed in the court below. As so modified, the order is affirmed.

CHRISTIANSON, Ch. J., and SATHRE and NUESSLE, JJ., concur.

BURR, J. (concurring in part).

I agree with the law announced and also with the determination that the court had judicial authority to reduce the amount of damages allowed; but am of the opinion the amount of damages set by the court is unfair to the plaintiff, the allowance is too small and should not be less than the cost of keep and reasonable value of services. It is unjust to compel the plaintiff to accept less than a fair valuation or incur the delay and expense incident to a new trial.