Albert NEIDHARDT, Plaintiff and
Appellant,

v.

Carl SIVERTS, Defendant and Respondent.

No. 7868.

Supreme Court of North Dakota.

May 2, 1960.

**98**

Floyd B. Sperry, Bismarck, for plaintiff and appellant.

Mackoff, Kellogg, Muggli & Kirby, Dickinson, for defendant and respondent.

MORRIS, Judge.

This is an action in conversion for the recovery of the value of certain hay belonging to the plaintiff that the defendant is alleged to have converted. Damages are also claimed for pursuit of the property and exemplary damages. The jury found in favor of the plaintiff for the conversion of 30 tons of hay at $10 per ton amounting to $300, $150 damages for pursuit of the property, and $500 exemplary damages, making a total verdict of $950. Judgment was entered for this amount plus costs. The defendant moved for judgment notwithstanding the verdict or in the alternative for a new trial. After a consideration of this motion the trial court entered his order permitting the compensatory damages of $300 to stand. He reduced the damages for pursuit of the property to $50, and denied all recovery for exemplary damages, thereby reducing the plaintiff's total recovery to $350. The order also provided for the acceptance of the reductions as an alternative to the granting of a new trial. The plaintiff appeals and challenges the order with respect to the reductions that it provided.

The hay in question was grown on the defendant's land. It included alfalfa and hay that grew on land that had not been farmed for many years. The latter appears to have consisted of prairie grass interspersed in varying amounts with sweet clover. In 1957 the plaintiff and defendant entered into an oral agreement whereby the plaintiff used his equipment and labor to cut the hay and stack most of it for a share of the hay. After the parties had disagreed as to the division to be made they signed a settlement agreement covering this and other disputed transactions between the parties. With respect to the hay it said:

"1. That Albert Neidhardt shall have all of the prairie hay cut and stacked, or in bunches, now on Section

6, Township 142, Range 91, Dunn County, North Dakota, and Carl Siverts shall have all of the alfalfa hay put up by said parties, in the year of 1957, Albert Neidhardt to have no interest in any alfalfa hay upon the property of Carl Siverts.

"2. That Albert Neidhardt shall have until the first day of December, 1957, if necessary, in which to remove the hay from said premises, and he may enter upon said premises for that purpose, and to preserve said hay, only."

This agreement is dated September 23, 1957.

Shortly after the execution of the settlement agreement the defendant wrote to the plaintiff as follows:

"Say when you start to haul your *Ill gotten Loot,* it would be well to remember that the two lower piles are sweet & are not yours to haul away as your, *Loot* sheet says prairie hay."

The plaintiff hauled some of the prairie hay during the early part of October. His activities were interrupted by inclement weather. When the plaintiff returned a few days later to the hay field some of his hay was gone, some had been scattered about the field, and some had been pushed over a bank into brush that was growing on adjacent lower land. He traced some of the hay to the defendant's farm home by following small amounts of hay that had been dropped as it was being moved. There is no challenge to the determination of the jury that the defendant converted hay belonging to the plaintiff to the value of $300.

■ Rule 59(b), N.D.R.Civ.P., sets forth the causes for which a new trial may be granted, among them being:

"5. Excessive damages appearing to have been given under the influence of passion or prejudice, but when a new trial is asked for on this ground and it appears that the passion and prejudice affected only the amount of damages allowed and did not influence the findings of the jury on other issues in the case, the trial court, on hearing the motion, and the supreme court, on appeal, shall have power to order a reduction of the verdict in lieu of a new trial, or to order that a new trial be had unless the party in whose favor the verdict was given remits the excess of the damages;"

This is the exact wording of and supersedes paragraph 5 of Section 28–1902, NDRC 1943.

The order from which this appeal is taken does not mention the grounds upon which the reductions are based nor does the court's memorandum opinion contain any specific determination that the damages are excessive or "that the passion and prejudice affected only the amount of damages allowed and did not influence the findings of the jury on other issues in the case," but the court does say in his memorandum opinion that:

"The amount of the exemplary damages and for the pursuit of the property were given under the influence of passion and prejudice and it is ordered that, the defendant is entitled to a new trial, unless the plaintiff will consent to a reduction of the verdict to $300.00 for compensatory damages and the sum of $50.00 for the pursuit of the property and no recovery for exemplary damages, making a total judgment of $350.00."

Since there appears to be no challenge to the form of the order granting the new trial, we consider whether the court erred in determining that the action of the jury in awarding $150 damages for the pursuit of the property and $500 exemplary damages indicates passion and prejudice. The plaintiff testified without objection that when he found out that his hay had been either hauled to the defendant's farm, pushed into the brush or scattered, he made

trips to find out if he could get his hay back. He spent at least eight or ten days of his time looking after it although he had a lot of work to do on his own farm. The value of his time was $10 a day. He drove about 400 miles to see what could be done about it. He made trips to the state's attorney's office, to his own attorney's office, and several trips to the town of Golden Valley. He made a trip from his farm to the hay field with two trucks and the tractor that would not have been necessary if he had known the hay was gone. He took a lot of witnesses around to look at the hay. On cross-examination it was brought out that seven of the trips were made after the hay was located and were in relation to what the defendant's rights were and what he could do about it. No motion was made to strike any of the plaintiff's testimony with respect to the matter. No request was made to the court for any instruction limiting or defining the damages that might be awarded for pursuit of the hay. The trial court instructed the jury that the measure of damages for wrongful conversion of personal property was presumed to include "A fair compensation for the time and money properly expended in pursuit of the property." The form of verdict furnished the jury contained the item "Damages for pursuit of property ————." No other instruction regarding this item was given.

■ The authority to reduce a verdict where excessive damages appear to have been given under the influence of passion or prejudice was first given to the trial court and to the supreme court on appeal by Chapter 334, Session Laws N.D.1923. Prior to the adoption of that statute the courts could grant a new trial on the ground that excessive damages had been awarded under the influence of passion or prejudice but could not direct a reduction of the verdict. Halverson v. Zimmerman, 56 N.D. 607, 218 N.W. 862. Before the court can direct a reduction of the verdict in lieu of a new trial it must reach the conclusion that the verdict is excessive, that it appears to have been given under the influence of passion or prejudice, and that the passion or prejudice affected only the amount of the verdict.

■ Where, as in this case, the trial court has reduced the verdict and that reduction is challenged on appeal, our review is governed by this rule:

"Whether excessive damages have been awarded under the influence of passion and prejudice, and, if so, whether the ends of justice may be subserved by ordering a reduction of the verdict, or whether a new trial must be had, are primarily questions for the trial court. The function of this court on appeal is merely to review the ruling of the trial court on such motion and such a review is limited to a determination of whether the trial court abused its discretion in making the determination which it did and thereby effected an injustice." Halverson v. Zimmerman, supra [56 N.D. 607, 218 N.W. 863.]

In Ziegler v. Ford Motor Co., 67 N.D. 286, 272 N.W. 743, 747, we said:

"If the size of the verdict in relation to the injury sustained is so excessive as to demonstrate to the court that the jury has been misled by passion or prejudice in determining the amount of damages, the trial court should grant a new trial or reduce the verdict, and, in a case where it appears 'that the passion and prejudice affected only the amount of damages allowed, and did not influence the findings of the jury on other issues in the case,' the error resulting from the excessive damages may be corrected either by the trial court or by this court on appeal by ordering a reduction of the verdict in lieu of a new trial, or by ordering that a new trial he had unless the party in whose favor the verdict was given remit the excess of damages."

The question before this court is whether the trial court was justified in granting a new trial on the ground that the damages were so excessive as to indicate passion or prejudice on the part of the jury and therefore warranted the court in making the alternative order reducing the verdict. It is argued that in determining the amount of the damages that were awarded, the jury must have taken into consideration evidence of expenditures by the plaintiff that were not proper compensation to be allowed for the pursuit of the property. This question, however, was not raised during the trial. The jury was permitted to consider, without objection or restrictive instructions, evidence of the expenditures which it is now claimed are not properly related to the pursuit of the property. The fault, if any there be, does not lie with the jury. The amount of the verdict is reasonably within the scope of the evidence presented and the instructions of the court and does not indicate passion or prejudice on the part of the jury. It follows that the court erred in determining that the verdict as to expenses was tainted by passion or prejudice and in ordering a conditional reduction.

We come now to the question of exemplary damages that the jury awarded in the sum of $500 and which the defendant claims should not have been allowed at all and in any event were so excessive as to indicate passion and prejudice.

Plaintiff's complaint alleges that in destroying and converting the hay owned by the plaintiff, the defendant's acts were wrongful, wanton, unlawful, oppressive and malicious, that they were committed by him for the purpose of depriving the plaintiff of his property, and that the sum of $500 is a reasonable sum for punitive and exemplary damages.

The trial court instructed the jury, in the words of Section 32–0307, NDRC 1943, that:

"In any action for the breach of an obligation not arising from contract, when the defendant has been guilty of oppression, fraud, or malice, actual or presumed, the jury, in addition to the actual damages, may give damages for the sake of example and by way of punishing the defendant."

The court further advised the jury that if it found by a fair preponderance of the evidence that the plaintiff was entitled to recover damages for the alleged conversion of the hay, it should assess his damages for that item and then take up the consideration of the exemplary or punitive damages. He then said:

"If you find that, by a fair preponderance of the evidence, the defendant's acts were committed in a manner that would indicate that he was guilty of oppression, fraud, or malice, actual or presumed, then you may also award the plaintiff such additional damages called exemplary damages, by way of punishment to the defendant for his acts, as you believe from the evidence will be just and reasonable, but in no event shall your assessment of damages, if any, for exemplary damages exceed the sum of $500."

The memorandum opinion of the trial court indicates that he thought there was no evidence of malice, actual or implied, and that no exemplary damages should have been awarded by the jury. He also concluded that the amount of the exemplary damages as well as damages for the pursuit of the property indicated that they were given under the influence of passion and prejudice. For that reason he held that the defendant was entitled to a new trial.

In an action for conversion where the plaintiff has pleaded exemplary damages based on alleged oppressive, malicious or fraudulent conduct of the defendant with respect to the property claimed to have been converted, he may, if the evidence warrants, in addition to compensation for the actual damage he has suffered, be awarded damages against the wrongdoer in

the nature of a penalty. Lamoreaux v. Randall, 53 N.D. 697, 208 N.W. 104, 44 A.L.R. 1315. Whether the defendant was guilty of oppression, fraud or malice, actual or presumed, was primarily a question for the jury. McCurdy v. Hughes, 63 N.D. 435, 248 N.W. 512, 87 A.L.R. 683. This is the law in this state and the court in effect so instructed the jury.

■ The evidence is such that the jury could have found that the defendant committed the three deliberate acts in total disregard of the plaintiff's rights. It warrants a finding that he hauled some of the hay to his own farmyard and appropriated it, some he scattered about the field, and another portion he pushed over a bank and into the brush where it could not be recovered by the plaintiff after he found it. Some of the acts the defendant tried to explain, others he denied, but his credibility was for the jury. Another item of evidence that the jury may have considered in connection with the attitude of the defendant toward the plaintiff and his property is the letter he sent to the plaintiff shortly after the execution of the settlement agreement, wherein the defendant referred to the plaintiff's hay as "ill-gotten loot" and to the agreement itself as a "loot sheet."

Under our statute (Section 32–0307, ND RC 1943) exemplary damages may be awarded when the defendant has been guilty of "oppression, fraud, or malice, actual or presumed."

In Gee v. Culver, 13 Or. 598, 11 P. 302, 303, it is said:

"'Malice in fact,' or 'actual malice,' relates to the actual state or condition of the mind of the person who did the act, and is a question of fact, upon the circumstances of each particular case, to be found by the jury. * * *

"While it is true that express or actual malice refers or relates to the mental state or purpose of the party who committed the act, and its existence must be proved, the law does not require direct evidence of such mental state or purpose; but the character of the act itself, with all its surrounding facts and circumstances, may be inquired into for the purpose of ascertaining the motive or purpose which influenced the mind of the party in committing the act; and if, upon a full consideration of these, that motive is found to be improper and unjustifiable, the law authorizes the jury to find it was malicious."

In Turner v. Emerson Electric Manufacturing Co., Mo.App., 280 S.W.2d 474, 479, it is said that:

"Actual malice is malice in fact, in which there is actually present an improper motive implying the purpose and desire to injure. By actual malice is meant actual spite and ill will toward plaintiff. It is the wilfulness or evil intent of the act—the wanton disregard of the rights and interests of the plaintiff—which renders the act malicious."

Luhmann v. Schaefer, Mo.App., 142 S.W. 2d 1088, 1090, was an action for the conversion of personal property wherein the court said:

"Malice, as a basis for punitive damages in a case of this character, means the intentional doing of a wrongful act without just cause or excuse. This means that defendant not only intended to do the act which is ascertained to be wrongful but that he knew it was wrongful when he did it. There must be, in order to justify punitive damages, some element of wantonness or bad motive, but if one intentionally does a wrongful act and knows at the time that it is wrongful he does it wantonly and with a bad motive."

This statement was later quoted as an applicable test in Hussey v. Ellerman, Mo. App., 215 S.W.2d 38, which was also an action for the conversion of personal property. In the latter case it is said that the

amount of punitive damages to be awarded must rest necessarily in the sound discretion of the jury. An award of $65 actual damages and $1,000 punitive damages for the conversion of furniture was affirmed as not being excessive.

In Bogue v. Gunderson, 30 S.D. 1, 137 N.W. 595, 596, an action for malicious assault in which both actual and exemplary damages were demanded, it is said:

"Great latitude is allowed in this class of cases. One purpose of exemplary damages is to deter the person against whom they are awarded from repeating the offense and others from committing it. An amount sufficient to serve this purpose in one instance might be wholly inadequate in another. Each action must be governed by its own peculiar facts. The social standing of the parties, the place where the assault occurs, the character of the persons present, the provocation, if any —all the circumstances—are to be considered. The question is not whether the trial court or this court, as triers of fact, would have awarded a less amount. Unless the verdict is so large as to clearly indicate that it must have been given under the influence of passion or prejudice, it should stand."

In this case neither the fact that an award of punitive damages was made nor the amount of that award indicates passion or prejudice on the part of the jury. The trial court erred in disallowing the amount allowed by the jury for exemplary damages.

We note from the record that one of the grounds urged upon the motion for new trial was the insufficiency of the evidence to sustain the verdict. This ground was not mentioned in connection with the order made by the trial court. That order was based entirely upon excessive damages. In considering the evidence with reference to excessive damages and the passion or prejudice of the jury we have not been un-

mindful of the contention with respect to the sufficiency of the evidence. We are satisfied that it is sufficient to warrant the verdict.

The trial court's order with reference to both the damages allowed for pursuit of the property and exemplary damages is erroneous. It is therefore reversed. The plaintiff is entitled to have judgment entered upon the verdict rendered by the jury.

SATHRE, C. J., and BURKE, TEIGEN, and STRUTZ, JJ., concur.